570 A.2d 132

**John C. ZERR and Ruth M. Zerr, his wife, and Geigertown Water Co., Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, BUREAU OF STATE PARKS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 15, 1989.

Decided Feb. 12, 1990.

Frederick R. Mogel, with him, Robert D. Katzenmoyer, Mogel, Speidel, Bobb & Kershner, Reading, for petitioner.

Martha R. Smith, Harrisburg, for respondent.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

John Zerr, Ruth Zerr and Geigertown Water Company (Petitioners) appeal from an order of the Board of Property (Board) which sustained the preliminary objections of the Department of Environmental Resources (DER). We affirm.

Petitioners filed a complaint to quiet title to property that is part of the French Creek State Park in Berks County (Park). The Park, which is under DER's control, was

acquired by the Commonwealth of Pennsylvania from the National Park Service of the United States (U.S.) The deed granting the Park to the Commonwealth reserves for the U.S. certain mineral rights and requires that the Park revert to the U.S. if it is used for any purpose other than park land. Petitioners seek to quiet title to strips of land along the southern and eastern boundaries of Petitioners' land and the Park.

DER filed preliminary objections alleging, in pertinent part, that the Board did not have jurisdiction because Petitioners failed to join the U.S. as an indispensable party. The Board, relying upon *Pocono Pines Corporation v. Pennsylvania Game Commission*, 464 Pa. 17, 345 A.2d 709 (1975), held that it lacked jurisdiction because Petitioners failed to join an indispensable party and because the U.S. had not consented to be sued before the Board.

In *Pocono Pines*, the plaintiff sued the Game Commission to quiet title to land which the U.S. had deeded to the Commission, reserving mineral rights and providing that whenever the President or other government official declared that the land was necessary for defense purposes the U.S. could take the land. The supreme court held that the U.S. had an interest to protect in the property and had a right to protect that interest. Therefore, the court held that the U.S. was an indispensable party and the Board did not have jurisdiction without joining the U.S. Moreover, the supreme court, noting 28 U.S.C. § 1346(f)[1] and 28 U.S.C. § 2409a[2], held that the U.S. has only consented to be sued in quiet title actions in district court and therefore the Board lacked subject matter jurisdiction.

1. 28 U.S.C. § 1346(f) provides as follows:
   (f) The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States.

2. 28 U.S.C. § 2409a provides, in part, as follows:
   (a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights....

320

■ Petitioners assert that *Pocono Pines* is distinguishable because in *Pocono Pines* the U.S. held an "active" interest in the land: it could take the land at any time. Here, Petitioner argues that the U.S. interest is "passive": it can only take the land upon the happening of a condition. Petitioners argue that the U.S. mineral rights and mere passive interest are insufficient for the U.S. to be an indispensable party.

■ To be an indispensable party, one must have rights so directly connected with and affected by the litigation that he must be a party to protect such rights; his absence renders any order or decree of the court null and void for want of jurisdiction. *Columbia Gas Transmission Corporation v. Diamond Fuel Company*, 464 Pa. 377, 346 A.2d 788 (1975).

The distinction Petitioners draw between this case and *Pocono Pines* is based upon the type of interest that the U.S. has in the property in question. Despite this distinction, the U.S. holds a significant interest in the property which could be lost forever should Petitioners prevail on the merits. The U.S. must be given the opportunity to protect its rights in the property. We hold that the U.S. is an indispensable party.

Finally, Petitioners argue that the Board erred as a matter of law in relying upon 28 U.S.C. § 1346(f) and 28 U.S.C. § 2409a. Petitioners assert that these sections do not apply because the U.S. is not an indispensable party. Petitioners rely upon the same argument as set for above. Above we held that the U.S. is an indispensable party.

Accordingly, we affirm.

## ORDER

AND NOW, February 12, 1990, the order of the Board of Property in the above-captioned matter is affirmed.