Joseph PILCHESKY, Appellant

v.

Mayor Christopher DOHERTY, The City of Scranton.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 21, 2007.

Decided Jan. 16, 2008.

---

Joseph Pilchesky, appellant, pro se.

Thomas B. Helbig, Scranton, for appellees.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Representing himself, Joseph Pilchesky (Plaintiff) asserts legal error in the Lackawanna County Court of Common Pleas (trial court) determination he lacks standing to contest the 2003 sale of the Scranton Municipal Golf Course (golf course). In particular, the trial court determined Plaintiff's status as a taxpayer does not confer standing upon him to challenge the City of Scranton's (City) sale of the golf course to SMGC Realty. Concluding Plaintiff has standing to challenge the action but failed to join indispensable parties, we dismiss the action.

In June 2006, Plaintiff filed an amended declaratory judgment action against City Mayor Christopher Doherty (Defendant).[1] Importantly, Plaintiff identifies himself as a City taxpayer and resident. Plaintiff then sets forth a lengthy factual history establishing the City's ownership of the golf course. To summarize, Plaintiff alleges the Scranton Municipal Recreation Authority (Authority) purchased a tract of land to be developed as a public golf course in 1958. Plaintiff avers the Authority created a public trust when purchasing the tract of land for the express purpose of maintaining a public golf course or other public park with City residents as beneficiaries. The Authority then entered into successive leases with the City to use the tract as a public golf course. Defendant, by virtue of his mayoral position, serves as trustee. Plaintiff also avers the City used taxpayer funds to maintain the golf course.

In late 2002, the Authority authorized conveyance of the golf course to the City, which formally accepted the land by ordinance. The City subsequently solicited sealed bids for public sale of the golf course; however, it did not accept any of the bids. In early 2003, the Authority transferred the golf course's title to the City. The City's public safety director issued an emergency certificate allowing immediate sale of the golf course. The City approved the emergency certificate by ordinance, and the City sold the property to SMGC Realty at public auction.

Plaintiff asserts Defendant knew or should have known that he and the City were without authority to accept the deed for, and subsequently sell, the golf course inasmuch as it was a formally accepted dedicated public property.[2] Defendant, as

---

1. At the outset, we note Plaintiff's caption on the declaratory judgment action identifies the defendant as "Mayor Christopher Doherty, of the City of Scranton." *See* Amended Compl. Subsequent pleadings omit the "of the" language, which misleadingly suggests the City of Scranton (City) is a named defendant. However, Plaintiff does not identify the City as a defendant in his action, and any references to the City in the body of the action are insufficient to make it a party to the action. *Cf. Glover v. SEPTA*, 794 A.2d 410 (Pa. Cmwlth.2002) (complaint caption must identify all parties to proceedings).

2. As support for this allegation, Plaintiff attaches to his declaratory judgment action the leases between the Authority and the City. In relevant part, the Authority leased to the City the subject parcel, together with the "structures, buildings, fixtures, facilities, equipment and improvements now or hereafter to be erected or constructed thereon, *to be used exclusively as a public golf course.*" Amended Compl. at Exs. B (emphasis added), F. Plaintiff also attaches: the 1959 City ordinance approving acquisition and construction of the golf course; 1988 and 1997 City ordinances approving issuance of revenue bonds to fund golf course improvements; a 2002 City ordinance accepting transfer of the golf course; and, the 2003 deed conveying the golf course

trustee of the public trust, breached his fiduciary duty to Plaintiff and the public by participating in the sale of the golf course causing Plaintiff unspecified injury and the City lost revenue. Plaintiff further asserts Defendant manipulated the bidding process so as to allow SMGC Realty to obtain ownership of the golf course.

Plaintiff's amended declaratory judgment action includes three counts alleging Defendant's actions: (1) violated the Public Trust Doctrine of 1915;[3] (2) violated the Act of December 15, 1959, P.L. 1772, (Donated and Dedicated Property Act of 1959), 53 P.S. §§ 3381–3384; and (3), exceeded his scope of authority. As relief, Plaintiff seeks an order: declaring SMGC Realty's deed to the golf course void; declaring City ordinances approving acceptance and sale of the golf course void; invalidating the agreement of sale between the City and SMGC Realty; and, ordering the City to expeditiously commence proceedings to acquire the golf course.

Defendant filed preliminary objections in the nature of a demurrer. In particular, Defendant asserts Plaintiff's claims fail to state a cause of action and are barred by res judicata, collateral estoppel/judicial estoppel, laches and the statute of limita-tions. Defendant also claims immunity from suit. Finally, Defendant asserts Plaintiff lacks standing, and he failed to provide Defendant notice of the claims.[4]

In ruling on the preliminary objections, the trial court focused on Defendant's objection Plaintiff lacks standing to bring a declaratory judgment action. Noting the general rule that taxpayer status is insufficient to confer standing to challenge government action unless the taxpayer has a "substantial, direct and immediate" interest in the outcome of the litigation, the trial court examined whether Plaintiff had such an interest. Reviewing each element, the trial court found Plaintiff lacks standing under the traditional test. The trial court then considered whether Plaintiff fell within the narrow exception to the "substantial, direct and immediate" interest requirement established in *Application of Biester*, 487 Pa. 438, 409 A.2d 848 (1979).[5] In *Biester*, the Supreme Court established a five-prong test which when met confers standing on taxpayers to contest government action. Applying *Biester*, the trial court determined Plaintiff failed to meet at least two of its five requirements. Thus, the trial court found Plaintiff lacks standing to proceed under the traditional stand-

from the Authority to the City. *Id.* at Exs. C, D, H, and L, respectively.

3. *See Bd. of Trustees of Phila. Museums v. Trustees of the Univ. of Pa.*, 251 Pa. 115, 96 A. 123 (1915) (where a city accepts land dedicated for public use, the city holds the property in trust for the public and is without power to sign and convey such land for private purpose).

4. Section 5522(a) of the Judicial Code requires a person who commences a civil action against a government unit for damages to provide notice of said claim to the government within six months from the date of injury or accrual of a cause of action. 42 Pa.C.S. § 5522(a). The Code also sets a six-month statute of limitations for the filing of claims against a government officer for conduct occurring in the execution of his office. 42 Pa.C.S. § 5522(b).

5. In *Application of Biester*, 487 Pa. 438, 409 A.2d 848 (1979), our Supreme Court set forth an exception to the traditional rule of standing, providing taxpayer status is sufficient to contest government action where 1) the governmental action would otherwise go unchallenged; 2) those directly and immediately affected by the complained of matter are beneficially affected and not inclined to challenge the matter; 3) judicial relief is appropriate; 4) redress through other channels is unavailable; and 5) no other persons are better situated to assert the claim. *Stilp v. Commonwealth*, 588 Pa. 539, 905 A.2d 918 (2006).

ing test or its narrow exception. The trial court therefore sustained Defendant's preliminary objections and dismissed Plaintiff's declaratory judgment action with prejudice.[6]

■ Plaintiff appeals. We review a trial court's order sustaining preliminary objections and dismissing an action for errors of law or an abuse of discretion. *R.H.S. v. Allegheny County Dep't of Human Servs.*, 936 A.2d 1218 (Pa.Cmwlth. 2007). We accept all well-pled facts in the action as true, as well as any reasonable inferences deducible from those facts. *Id.* Preliminary objections in the nature of a demurrer should be sustained only where the pleadings are clearly insufficient to establish a right to relief; any doubt must be resolved in favor of overruling the demurrer. *Id.*

■ Citing *Board of Trustees of Philadelphia Museums v. Trustees of the University of Pennsylvania*, 251 Pa. 115, 96 A. 123 (1915), Plaintiff asserts his status as a taxpayer confers standing upon him to maintain an action challenging sale of the public golf course. In this limited case, we agree.

■ "Prior to judicial resolution of a dispute, an individual must as a threshold show that he has standing to bring the action." *Stilp v. Commonwealth*, 927 A.2d 707, 710 (Pa.Cmwlth.2007). In *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), the leading Pennsylvania case on standing, the Supreme Court held that a person who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" and, therefore, has no standing to obtain judicial relief. To establish an "ag-

grieved" status, a party must have a substantial interest, that is, there must be some discernible adverse affect to some interest other than the abstract interest of all citizens having others comply with the law. Additionally, an interest must be direct, which means that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains. Further, the interest must be immediate and not a remote consequence of the judgment, a requirement addressing the nature of the causal connection.

Although the trial court here appropriately utilized the "substantial, direct and immediate" interest test, it failed to consider the Supreme Court's decision in *Philadelphia Museums* and this Court's decision in *White v. Township of Upper St. Clair*, 799 A.2d 188 (Pa.Cmwlth.2002). Like the instant case, taxpayers in *Philadelphia Museums* and *White* challenged the government's conveyance of public property. A review of both cases is therefore appropriate.

In *Philadelphia Museums*, the City of Philadelphia, by ordinance, set apart a portion of an almshouse for the "purpose of being improved for the health and public welfare of the citizens of Philadelphia." 251 Pa. at 118, 96 A. at 123. Subsequent city action forever designated the almshouse tract as a public park. In addition, the city contemplated improving the property with museums and, accordingly, authorized the Board of Trustees of Philadelphia Museums to gather collections for the proposed institutions. Although numerous appropriations were made, the city failed to improve the property as contemplated. The city subsequently passed an ordinance

---

**6.** In response to Defendant's preliminary objections, Plaintiff sought leave of court to file a third amended complaint. The trial court denied the petition as moot on the ground

Plaintiff's proposed amendments sought only to include additional causes of action and did not address the standing issue. Trial Ct. Order, 6/18/07, at 6.

allowing sale of the property to the University of Pennsylvania.

Thereafter, the board of trustees instituted an equity action to set aside the sale of the property, and taxpayers and residents intervened. Agreeing the taxpayers and residents had standing to challenge the city's actions, the Supreme Court explained,

> [w]ith reference to the status of intervening taxpayers, if there was an absolute dedication of the land to public purposes ... and the city has since that time appropriated money for the care, maintenance, and improvement of at least portions of the land in question, every citizen and taxpayer has an interest, not only by virtue of his being one of the public to whom the property has been donated, but also by virtue of his contribution as a taxpayer towards the funds, which have been used in improving the ground. A sale of the property, if improper, is therefore a question in which taxpayers have an interest and which they have a right to contest.
>
> . . .
>
> The city holds, subject to the trusts, in favor of the community, and is but the conservator of the title in the sold, and has neither power nor authority to sell and convey the same for private purposes.

*Id.* at 122–24, 96 A. at 125.

Similarly, the residents in *White* challenged whether the Township of Upper St. Clair could lease land in a public park to a communications company. The common pleas court denied the residents standing and, on appeal, this Court reversed.

Speaking through Judge Leavitt, the Court observed the traditional standing analysis is different in cases where citizens seek to protect a park or other land dedicated to a particular purpose from degradation or intrusion by an inconsistent public or private use. *Id.* Relying on Philadelphia Museums and subsequent case law, we concluded the residents met the test for standing set forth in *Wm. Penn.* Particularly, the residents sought to preserve the public park for its intended purposes, that is, recreation, conservation, and historical preservation. Additionally, the Pennsylvania Constitution protected the residents' interests.[7] This was sufficient for standing purposes.

*Philadelphia Museums* and *White* teach that where a citizen wishes to challenge government action related to use or disposition of dedicated public property, the citizen, as taxpayer or member of the public, has a "substantial, direct and immediate" interest in the outcome of the proceedings so as to confer standing to maintain an action. *Id.; see also Payne v. Kassab,* 11 Pa.Cmwlth. 14, 312 A.2d 86 (1973), *aff'd,* 468 Pa. 226, 361 A.2d 263 (1976) (college students, as taxpayers and members of the public, had standing to challenge city's taking of city park to widen city streets).

Here, Plaintiff alleges the Authority and City dedicated the parcel of land as a public golf course for the benefit of City residents and the City used taxpayer funds to maintain and improve the land. Amended Compl. at ¶¶ 3–6, 8, 11, 14, 16, 37, 42, 45, 47, 49, 50, 51, 54, 55, 64, 72. These allegations, accepted as true for preliminary objection purposes, provide Plaintiff a "substantial, direct and immediate"

7. Article I, Section 27 of the Pennsylvania Constitution provides:

> The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people.

interest in the outcome of the litigation, thereby conferring standing on him.[8] *Phila. Museums; White.*[9]

■ This is not the end of our review, however. Plaintiff's allegations are insufficient to provide relief where Plaintiff failed to join indispensable parties, namely, the City and SMGC Realty. As previously noted, Plaintiff seeks declarations that City ordinances approving acceptance and sale of the golf course are invalid and that the deed conveying the golf course to SMGC Realty is void. Amended Compl. at Prayers for Relief.

Pursuant to Section 7540(a) of the Declaratory Judgments Act, 42 Pa.C.S. § 7540(a),

> [w]hen declaratory relief is sought, *all persons shall be made parties who have or claim any interest which would be affected by the declaration,* and no declaration shall prejudice the rights of persons not parties to the proceeding. *In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard.* (Emphasis added.)

■ Section 7540(a)'s requirement that all who have an interest in the declaration be made parties to the action is mandatory. *Konidaris v. Portnoff Law Assocs., Ltd.,* 884 A.2d 348 (Pa.Cmwlth. 2005), *appeal granted,* 588 Pa. 760, 903 A.2d 539 (2006); *Allegheny County v. Commonwealth,* 71 Pa.Cmwlth. 32, 453 A.2d 1085 (1983). A party is indispensable when his rights are so connected with the claims of the litigants that no decree can

be made without impairing those rights. *Sprague v. Casey,* 520 Pa. 38, 550 A.2d 184 (1988). Failure to join or serve parties as required by the statute is a jurisdictional defect, and may be raised by a court on its own motion at any time, even on appeal. *Konidaris; Polydyne, Inc. v. City of Phila.,* 795 A.2d 495 (Pa.Cmwlth.2002). Where the defect exists, dismissal is appropriate. *Konidaris.*

In this case, the City is governed by a home rule charter, which requires City council action for conveyances of land. 335 Pa.Code § 11.5–502(8). As such, any declaration that City council's actions were invalid necessarily affects its interests because governing bodies are presumed to act within their authority. Cf. *Se. Chester County Refuse Auth. v. Zoning Hearing Bd. of London Grove Twp.,* 898 A.2d 680 (Pa.Cmwlth.2006) (taxpayer challenging zoning ordinance bears heavy burden because zoning regulations are presumed valid); *Conley Motor Inns, Inc. v. Twp. of Penn,* 728 A.2d 1012 (Pa.Cmwlth.1999) (imposition of tax is presumed valid and taxpayer has heavy burden establishing tax clearly, palpably, and plainly violates the constitution).

It is also clear that SMGC Realty has an interest in the proceedings as owner of the golf course and that its rights would be impaired by an order declaring the deed void. Appellate courts consistently hold property owners are indispensable parties in lawsuits concerning their property rights. *Columbia Gas Transmission Corp. v. Diamond Fuel Co.,* 464 Pa. 377, 346 A.2d 788 (1975) (in litigation involving

---

8. We recognize the land at issue here continues to be used as a golf course and, as such, SMGC Realty's use may not be viewed as inconsistent with the terms of the Authority–City deed. However, the City–SMGC Realty deed places no restriction on use of the property. Amended Compl. at Ex. O. SMGC Realty could therefore close the golf course

and develop the land inconsistent with the alleged dedicated public use.

9. As to Plaintiff's allegations Defendant violated the Donated and Dedicated Property Act, we also held in *White* that residents and taxpayers have a private right of action to enforce the mandatory duties of the Act.

an easement, the fee simple owner of a servient tenement is an indispensable party); *Zerr v. Dep't of Envtl. Res., Bureau of State Parks,* 131 Pa.Cmwlth. 317, 570 A.2d 132 (1990) (United States which owned the mineral rights in a piece of property was an indispensable party in adjacent landowner's suit for quiet title of strips of land along the boundary); *Posel v. Redevelopment Auth. of City of Phila.,* 72 Pa. Cmwlth. 115, 456 A.2d 243 (1983) (equitable owner in a piece of property is an indispensable party to an equity action attempting to stop the sale of the property to the equitable owner). Clearly, Plaintiff's failure to join the City and SMGC Realty is a fatal defect depriving courts of jurisdiction to entertain an action for declaratory relief under the Declaratory Judgments Act.

Accordingly, we dismiss.

### ORDER

AND NOW, this 16th day of January, 2008, the above-captioned declaratory judgment action is **DISMISSED.**