# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Martin, Jr., Richard Fidler, :
and Tammi Iams, :
                             Appellants :
                                      :
                  v. :
                                        :
Donegal Township, Edward Shingle, :
Jr., and Kathleen Croft, as candidate :
for Supervisor of Donegal Township :
                                        :
Appeal of: Richard Martin, Jr., : No. 1062 C.D. 2021
Richard Fidler, and Tammi Iams : Argued: November 15, 2021


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                     FILED: December 17, 2021

          Richard Martin, Jr. (Martin), Richard Fidler (Fidler), and Tammi Iams (Iams) (collectively, Appellants) appeal from the Washington County (County) Common Pleas Court's (trial court) September 17, 2021 order that sustained the preliminary objections (Preliminary Objections) of Donegal Township (Township),[1] Edward Shingle, Jr. (Shingle), and Kathleen Croft (Croft) (collectively, Appellees)

---

[1] By May 13, 2021 Order, this Court approved the parties' stipulation (Stipulation), *see Martin v. Wash. Cnty. Bd. of Elections* (Pa. Cmwlth. No. 486 C.D. 2021, filed May 13, 2021) (affirming denial of the Petition for Preliminary Injunction), wherein the parties stipulated that the Township is a necessary party, the Township's Board of Supervisors voted that the Township "Solicitor [is] to remain neutral . . . and take no official position regarding the outcome of this appeal or such other litigation that might follow the outcome of this matter," and the "Township's involvement . . . will be limited to monitoring and listening to all legal proceedings." Stipulation at 1-3.

to Appellants' first amended complaint for declaratory judgment and injunctive relief (Amended Complaint), and dismissed the Amended Complaint. Essentially, Appellants present one issue for this Court's review: whether the trial court erred by sustaining Appellees' Preliminary Objections.[2]

Appellants are elected members of the Township Board of Supervisors (Board of Supervisors), which, prior to the November 2020 General Election, consisted of five members. Iams' office term expires in January 2022. Iams was a candidate for Township Supervisor in the May 2021 Primary Election, and the November 2021 General Election. Martin's and Shingle's office terms expire in January 2024. Shingle was a candidate for Township Supervisor in the May 2021 Primary Election and the November 2021 General Election. Fidler's office term expires in January 2026. Croft's office term expires in January 2022. Croft was a candidate for Township Supervisor in the May 2021 Primary Election, and the November 2021 General Election.

In the November 2020 General Election, 64% of the Township electors voted to pass a referendum (Referendum) to reduce the Board's composition from five to three members, in accordance with Section 402(d) of The Second Class

---

[2] Appellants set forth four issues in their Statement of the Questions Involved: (1) whether the trial court erred by holding that the removal of Appellants from their elected positions as Township Supervisors prior to the expiration of their elected terms did not violate article VI, section 7 of the Pennsylvania Constitution, PA. CONST. art. VI, § 7; (2) whether the trial court erred by holding that the Township's referendum reducing the Township Board of Supervisors from five supervisors to three supervisors was a change in the Township's form of government; (3) whether the trial court erred by holding that the binding precedent set forth in *South Newton Township Electors v. South Newton Township Supervisor Bouch*, 838 A.2d 643 (Pa. 2003), and *In re Petition to Recall Reese*, 665 A.2d 1162 (Pa. 2009), was not applicable to the present dispute regarding the constitutionality of Section 402(e) of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65402(e); and (4) whether the trial court erred in sustaining Appellees' Preliminary Objections. *See* Appellants' Br. at 4. Because the first three issues are subsumed in the last issue, this Court has combined them herein.

Township Code (Code).[3, 4]  On April 8, 2021, Appellants filed an Action for Declaratory Judgment and Injunctive Relief (Complaint) against the County Board of Elections (Board of Elections), the Township, Shingle, and Croft, seeking that the trial court: declare Section 402(e) of the Code[5] unconstitutional as applied herein;

---

[3] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65402(d).  Section 402(d) of the Code provides:

> In townships in which the electorate has opted for a five-member board, the township shall return to a three-member board of supervisors upon petition of at least five percent of the electors of the township, or under a resolution of the board of supervisors, and upon approval by a majority of electors voting at the next municipal or general election.  The referendum petition shall be filed with the county board of elections not later than the thirteenth Tuesday before the next municipal or general election.  The county board of elections shall place the question before the electors as provided under the "Pennsylvania Election Code[, Act of June 3, 1937, P.L. 1333, *as amended*, §§ 2600-3591]."  The form of the question shall be as follows:
>
> > Should this township return to a       Yes
> > three-member board of supervisors?      No
>
> The county board of elections shall tabulate and publish the results of the referendum within thirty days of the election.  In no event shall the question of reducing the five-member board of supervisors be voted on more than once in any five-year period.

53 P.S. § 65402(d).

[4] In the November 2016 General Election, the Township voters passed a referendum to expand the Board from three members to five members.

[5] 53 P.S. § 65402(e).  Section 402(e) of the Code provides:

> At the first municipal election following approval of the question providing for a return to a three-member board, three supervisors shall be elected to serve from the first Monday of January after the election, when the terms of the officers of the five-member board of supervisors shall cease.  The three candidates receiving the highest number of votes for the office of supervisor shall be elected.  The candidate receiving the highest number of votes shall serve for a term of six years.  The candidate receiving the second highest number of votes shall serve for a term of four years.  The candidate receiving the third highest number of votes shall serve for a term of

enjoin the enforcement of Section 402(e) of the Code; enjoin the Board of Elections from conducting an election for Township Supervisor in the 2021 Primary Election or, alternatively, from counting the votes for such offices and thereafter certifying the election; enjoin the removal of Martin, Fidler, and Shingle before the expiration of their office terms; and declare that those Supervisors can remain in office until their terms expire. On April 15, 2021, Appellants filed a Petition for Preliminary Injunction (Petition). The trial court held a hearing on that same day. On April 16, 2021, the trial court denied Appellants' Petition. On April 21, 2021, Appellants appealed to this Court.

On April 30, 2021, Appellees filed preliminary objections to the Complaint. On May 13, 2021, this Court affirmed the trial court's April 16, 2021 order denying the Petition. *See Martin v. Wash. Cnty. Bd. of Elections* (Pa. Cmwlth. No. 486 C.D. 2021, filed May 13, 2021). On May 18, 2021, Randy Polan (Polan), Shingle, James Bauer (Bauer), Croft, and Iams won the Township Supervisor Primary Election. On May 20, 2021, Appellants filed the Amended Complaint, wherein the Board of Elections was no longer a party. On June 1, 2021, Appellees filed the Preliminary Objections. The trial court held a hearing on September 14, 2021. On September 17, 2021, the trial court sustained the Preliminary Objections and dismissed the Amended Complaint. On September 29, 2021, Appellants appealed to this Court.[6]

---

two years. After that, supervisors shall be elected under [S]ection 403 [of the Code, 53 P.S. § 65403].

53 P.S. § 65402(e).

[6] 'Where a [trial court] dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion.' When considering preliminary objections, we must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom. *A preliminary objection*

On November 2, 2021, Shingle, Polan, and Bauer appeared on the ballot for Township Supervisor for the November 2, 2021 General Election, and ultimately prevailed in the election. Polan received the highest number of votes, while Bauer received the next highest, and Shingle received the lowest number of votes of the three. The Township ballot reflected that the candidate with the highest number of votes shall serve a six-year term, the candidate with the next highest number of votes shall serve a four-year term and the candidate with the next highest number of votes shall serve a two-year term.

Preliminarily, Appellees argue that Appellants failed to join indispensable parties. Specifically, Appellees contend that, because Appellants did not join the Board of Elections, Polan, and Bauer, the Amended Complaint should have been dismissed. Appellees assert that Appellants did not retain the Board of Elections as a party despite Appellants' objective of cancelling the November 2, 2021 Board of Supervisors election. Appellees aver that none of the current parties could implement such relief. In addition, Appellees contend that Appellants failed to include two of their opponents in the Board of Supervisors race, Polan and Bauer. Appellees claim that Appellants' failure to join Polan and Bauer as parties to the instant action deprived them of the opportunity to stand against Appellants' request to cancel the November 2, 2021 Board of Supervisors election. Appellees maintain that Polan and Bauer are indispensible parties because they were candidates on the ballot for that election, and, in fact, the Township voters elected them to the Board

*should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief.* Because a preliminary objection in the nature of a demurrer presents a question of law, this Court's standard of review of a [trial court's] decision to sustain a demurrer is *de novo* and the scope of review is plenary.

*Brown v. Wetzel*, 179 A.3d 1161, 1164 n.2 (Pa. Cmwlth. 2018) (emphasis added) (quoting *Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (citations omitted)).

of Supervisors, and therefore their rights would be detrimentally affected if this Court negates that election. Appellees declare that, because Polan and Bauer are indispensible parties to the instant action and Appellants' failure to join them as parties deprives this Court of the authority to affect their interests, the Court lacks jurisdiction to decide this case.

Appellants assert that, despite having filed, briefed, and argued Preliminary Objections to Appellants' Amended Complaint, Appellees failed to raise any issues regarding indispensable parties until after Appellants filed the present appeal. As such, Appellants declare that this issue is not before this Court; Appellees have waived the issue; and Appellees' arguments are inappropriate and should be disregarded by this Court.

Initially, "[s]ubject matter jurisdiction is a question that is not waivable and may be raised by a court on its own motion." *Domus, Inc. v. Signature Sys. of PA, LLC*, 252 A.3d 628, 636 (Pa. 2021) (quoting *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 (Pa. 2004)). "Whether a court has subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course of the proceedings, including by a reviewing court sua sponte." *Off. of Att'y Gen. ex rel. Corbett v. Locust Twp.*, 968 A.2d 1263, 1269 (Pa. 2009) (quoting *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008)).

Moreover,

> "[i]f all necessary and indispensable parties are not parties to an action in equity, the court is powerless to grant relief." *Huston* [*v. Campinini*,] . . . 346 A.2d [258,] 259 [(Pa. 1975)]; *Biernacki v. Redevelopment Auth*[.] *of the City of Wilkes-Barre*, . . . 379 A.2d 1366 ([Pa. Cmwlth.] 1977). An order of the court rendered in the absence of an indispensable party is null and void. *Columbia Gas* [*Transmission Corp. v. Diamond Fuel Co.*, 346 A.2d 788 (Pa. 1975)]. "Such a judgment is entitled to no authority or respect, and is subject to impeachment in collateral

6

proceedings at any time by one whose rights it purports to affect." [*In re*] *Moskowitz*[], . . . 196 A. [498,] 502 [(Pa. 1938)]. When the absence of an indispensable party is determined, it is incumbent upon the court to dismiss. Pa.R.C[iv].P. [] 1032(b).

*Church of the Lord Jesus Christ of the Apostolic Faith, Inc. v. Shelton*, 740 A.2d 751, 756 (Pa. Cmwlth. 1999).

This Court has explained:

[P]ursuant to Section 7540(a) of the Declaratory Judgments Act [(DJA)], 42 Pa.C.S. § 7540(a),

[w]hen declaratory relief is sought, *all persons shall be made parties who have or claim any interest which would be affected by the declaration*, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard. . . .

Section 7540(a) [of the DJA]'s requirement that all who have an interest in the declaration be made parties to the action is mandatory. A party is indispensable when his rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. Failure to join or serve parties as required by the statute is a jurisdictional defect, and may be raised by a court on its own motion at any time, even on appeal. Where the defect exists, dismissal is appropriate.

*Pilchesky v. Doherty*, 941 A.2d 95, 101 (Pa. Cmwlth. 2008) (emphasis omitted; citations omitted).

In the Amended Complaint, Appellants seek an injunction to enjoin the election and a declaration that Section 402(e) of the Code is unconstitutional, and that Martin, Fidler, and Shingle can carry out their terms. Appellees contend that the Board of Elections is an indispensable party to this action. However, now that the election has occurred, there is no relationship between the powers and duties of

7

the Board of Elections, *see* Section 302 of the Pennsylvania Election Code,[7] 25 P.S. § 2642 (powers and duties of county boards of election), and the dispute before this Court. As previously stated by this Court, "[Appellants] do not challenge the validity of the Referendum." *Martin*, slip op. at 2-3. Accordingly, the Board of Elections is not an indispensable party.

However, if Appellants prevail on the merits of this case, Polan and Bauer will lose the positions for which the Township voters elected them. Under such circumstances, they "have . . . an[] interest which would be affected by the declaration." *Pilchesky*, 941 A.2d at 101 (emphasis omitted); *but see Sprague v. Casey*, 550 A.2d 184, 190 (Pa. 1988) ("[T]he relief sought by the petitioner would expand the terms of [the potential parties'] appointments, and thus could not be adverse to their interests." Thus, the potential parties were not indispensable.). Despite that Polan and Bauer won the May 18, 2021 Primary Election and, thus, are indispensable parties, Appellants did not join them when they filed the Amended Complaint on May 20, 2021, amend their Amended Complaint, or seek leave of court to further amend their Amended Complaint at any time prior to filing their appeal.

Rather, Appellants waited until November 16, 2021, to file an Application for Leave to File a Second Amended Complaint (Application) with this Court.[8] Therein, Appellants stated, in relevant part:

> 11. Should this Court grant Appellants' [A]pplication, [] Polan and [] Bauer will be served with Appellants' Second Amended Action for Declaratory Judgment and Injunctive Relief immediately and [sic] given an opportunity to respond.

---

[7] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

[8] Once Appellants filed their appeal from the trial court's order sustaining Appellees' preliminary objections and dismissing their Amended Complaint, Appellants lost their right to file an application for leave to file an amended complaint with the trial court. *See* Pa.R.A.P. 1701(a).

> 12. Additionally, should this Court grant Appellants' [A]pplication, this Court will still have the requisite time to issue a decision on the merits of Appellants' [a]ction prior to the candidates for Township Supervisor . . . being administered the oath of office in January of 2022.

Application ¶¶ 11-12.

Here, although Appellants filed an application for leave to **file** an amended complaint, the above-quoted paragraphs reveal that Appellants are requesting this Court to grant them leave to **amend** their Amended Complaint to join the indispensible parties so Appellants can continue with the instant appeal after Polan and Bauer file their answers. However, because granting an application for leave to file an amended complaint only permits Appellants to file an amended complaint and the other parties to answer it in the trial court, this Court cannot grant the relief requested. Accordingly, the Application is denied.

Because Appellants' failure to join Polan and Bauer as parties to the instant action "is a fatal defect depriving courts of jurisdiction to entertain an action for declaratory relief under the [DJA,]" *Pilchesky*, 941 A.2d at 102, this Court vacates the trial court's order and remands the matter to the trial court to dismiss the Amended Complaint for lack of jurisdiction.

_____
ANNE E. COVEY, Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Martin, Jr., Richard Fidler,    :
and Tammi Iams,    :
          Appellants    :
   :
        v.    :
   :
Donegal Township, Edward Shingle,    :
Jr., and Kathleen Croft, as candidate    :
for Supervisor of Donegal Township    :
   :
Appeal of: Richard Martin, Jr.,    :    No. 1062 C.D. 2021
Richard Fidler, and Tammi Iams    :

# O R D E R

AND NOW, this 17th day of December, 2021, the Washington County Common Pleas Court's September 17, 2021 order is VACATED, and the matter is REMANDED to the trial court to dismiss Richard Martin, Jr., Richard Fidler, and Tammi Iams' (Appellants) first amended complaint for declaratory judgment and injunctive relief for lack of jurisdiction.

Appellants' Application for Leave to File a Second Amended Action for Declaratory Judgment and Injunctive Relief is DENIED.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge