659 A.2d 1035

**Norman M. BELLE and Sylvia R. Belle, His Wife, Appellees,**

v.

**Rocco CHIEPPA and Vera Chieppa, His Wife and Robert E. Crofford Jr., and Gloria Jean Crofford, His Wife,**

v.

**The TOWNSHIP OF UPPER ST. CLAIR and St. Clair Builders**

v.

**NICHOLSON PILE COMPANY A/K/A Nicholson Construction Company**

v.

**James CORBETT and Timothy Corbett, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1995.

Filed June 7, 1995.

372

John M. Kasaback, Pittsburgh, for appellants.

John R. Fielding, Pittsburgh, for Belle, appellee.

Before ROWLEY, P.J., and McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Allegheny County which granted appellees' petition to amend their complaint to include appellants as defendants and which found appellants in contempt of the lower court's order of September 8, 1992. Appellants contend that the lower court erred as a matter of law in allowing appellees to amend their complaint and that the lower court abused its discretion in holding them in contempt. Finding no error of law or abuse of discretion in the actions of the lower court, we affirm.

The record reveals that appellees initiated this action to compel their neighbors, Rocco Chieppa and Vera Chieppa and Robert T. Crofford, Jr., and Gloria Jean Crofford, to repair a retaining wall which was in danger of collapse. Additional defendants were added to the action, and, eventually, on September 8, 1992, St. Clair Builders, Inc., and the Township of Upper St. Clair were directed to repair the retaining wall and correct storm water run-off problems which existed at the site. On September 8, 1992, the lower court entered the following order:

AND NOW, this 8th day of September, 1992, upon consideration of the finding of fact and conclusions of law submitted by the parties to this action and upon consideration of the deposition testimony, reports, exhibits and evidence submitted herein, it is ordered, adjudged and decreed that the plaintiffs [appellees, herein] are entitled to and shall be granted equitable relief sought in their amended complaint, and the additional defendants, The Township of Upper St. Clair and St. Clair Builders, Inc., are deemed severally liable to the plaintiffs for the injuries each defendant caused to their property and home as provided below.

It is further ordered, adjudged and decreed, that responsibility for erection of the gabion buttress and construction of the swale and for the installation of a water management system to divert water from the defendants' properties away from the plaintiffs' property, shall be as follows:

(1) St. Clair Builders shall be responsible for all preliminary clearing, grading, planting, restoring and cleaning on the Belle, Chieppa and Crofford (Chang) properties which may be necessitated before work on the gabion wall, swale and storm water system can begin. The costs of the preliminary work shall be borne by St. Clair Builders.

(2) St. Clair Builders shall be responsible for the design and erection of a double-row rock gabion buttress system, six feet in height and extending along the entire length of the present retaining wall. The cost of design and erection of the rock gabion buttress system shall be borne by St. Clair Builders; The Township of Upper St. Clair shall participate in the design and erection of the rock gabion buttress system to the extent that it deems necessary to protect its public utility easement and its sanitary sewer.

(3) Upper St. Clair Township shall be responsible and pay for the re-establishment of the swale located and the base of the retaining wall, by clearing, cleaning and grading said swale in such a manner to insure that it shall convey water away from the Belle property.

(4) The Township of Upper St. Clair shall ensure that the Belle storm water management system is adequate to

convey the bulk of the surface water runoff generated from the roofs, pavements, lawns and embankments of the Chieppa/now Chang properties to the storm sewer system along Berkshire Drive and to ensure that a minimum of surface water shall flow down to the Belle property. The cost of the design and installation of any necessary additional storm water control and management system, should the present system prove inadequate in the opinion of the township, shall be borne by St. Clair Builders.

(5) St. Clair Builders shall be responsible for the cleanup and restoration of the Belle, Chieppa and Chang properties upon completion of the gabion wall and storm water control management systems and the cost of such cleaning and restoration shall be borne by St. Clair Builders except for that necessitated by reconstruction of the swale.

It is further ordered, adjudged and decreed that upon the completion of the above work on the gabion wall, the storm water managements systems and swale, the Township of Upper St. Clair shall assume full and complete responsibility for all future repairs, replacements and maintenance of the swale located in the public utility easements on the plaintiffs' and defendants' properties. The plaintiffs shall have future responsibility for maintenance of the storm water management system on their property subject to the duty of the defendant township to ensue by reasonable frequent inspections that such systems are operating properly. It is ordered that the township is prohibited from proceeding against the Chieppas and Changs for any past or future storm water damage caused by the negligence of the township or of St. Clair Builders and it is finally ordered that Investors and Lenders and Associate Discount Company have no liability for any water damage caused by the negligence of the township or St. Clair Builders.

St. Clair Builders, Inc., filed an appeal from the mandatory injunction, and we affirmed the decision of the lower court on

June 21, 1993. *See, Belle v. Chieppa,* 431 Pa.Super. 633, 631 A.2d 1363 (1993).

After we affirmed the lower court's decision to issue a mandatory injunction against St. Clair Builders and the township, appellants who are the directors, officers and sole shareholders of St. Clair Builders, dissolved the corporation at a special meeting on September 15, 1993. It is undisputed that appellants dissolved the corporation because they believed it did not have the manpower or financial resources to perform the repair of the retaining wall. Appellants expressly decided to dissolve the corporation rather than face the possibility of bankruptcy.

At that meeting, appellants also voted to satisfy the line of credit at Washington Federal Savings Bank and to pay all subcontractors and suppliers in full before dissolution. Appellants then proceeded to liquidate the corporation and pay all of its debts *except those related to the current litigation.* Appellants were left with approximately $19,000.00 in cash which they divided between each other. After the corporation was dissolved, appellants continued the business once performed by St. Clair Builders, Inc., through Highland Enterprises, another corporation for which appellants were the sole shareholders, directors and officers.

Appellants never attempted to comply with the court's order of September 8, 1992. Consequently, appellees filed a petition to amend their complaint to include appellants as defendants and to find appellants in contempt. A hearing was held and, the lower court entered the following order:

AND NOW, April 5th, 1994, after hearing on the petition of plaintiffs, Norman M. Belle and Sylvia R. Belle, his wife [appellees, herein], praying that this Court find St. Clair Builders and the Township of Upper St. Clair, additional defendants, in contempt of the opinion and order of court entered September 8, 1992,

The Court finds that James Corbett and Timothy Corbett, sole shareholders/directors/officers of St. Clair Builders [appellants, herein], after affirmance in June, 1993, of

the September 8, 1992, opinion and order, dissolved St. Clair Builders in October, 1993, and immediately transferred its business to Highland Enterprises, another corporation of which both the Corbetts are sole shareholders/officers/directors. The Court further finds that St. Clair Builders and Highland share a common location, furniture, telephone, accountant, bank and insurer;

Therefore, it is ordered, adjudged and decreed that James Corbett and Timothy Corbett as officers, sole shareholders and directors of St. Clair Builders and as individuals are added as additional defendants in the present case and the motion of plaintiffs so to amend the pleading is granted;

It further appearing that no effort has been made by St. Clair Builders or James Corbett or Timothy Corbett, as officers/directors/shareholders/individuals to begin compliance with the order of September 8, 1992, and that the dissolution of St. Clair Builders was a subterfuge to sabotage compliance.

Therefore, it is ordered, adjudged and decreed that St. Clair Builders, Timothy Corbett and James Corbett are in contempt of the order of September 8, 1992; in order to purge themselves of contempt it is further ordered that within 30 days St. Clair Builders, Timothy Corbett and James Corbett, as shareholders/officers/directors of St. Clair Builders and as individuals commence work on the retaining wall, swale and water management system as ordered on September 8, 1992, or arrange immediately for another competent builder to start such work within thirty days; it is further ordered that if such work has not commenced within thirty days of this order, St. Clair Builders, James Corbett and Timothy Corbett shall jointly and severally be liable for a fine of $200 for each day of delinquency, beginning on thirty days, the fine to be paid to the plaintiffs along with any counsel fees and costs incurred by reason of the current litigation; it is finally ordered that if work is not commenced within thirty days and if the fine of $200 for each day of delinquency thereafter is not paid for a period of 90 days after delinquency, upon petition to this

Court, the unpaid fine will be reduced to judgment and the plaintiffs may proceed fully to enforce such judgment against St. Clair Builders and James Corbett and Timothy Corbett as individuals and as owner/directors/officers of St. Clair Builders;

It is finally ordered that the rule issued in this case against the Township of Upper St. Clair is discharged.

Exceptions to the lower court's order of April 5, 1994, were filed and denied. This appeal followed.

■ In *Lower Frederick Township v. Clemmer*, 518 Pa. 313, 322, 543 A.2d 502, 507 (1988), our Supreme Court set forth the standard of review and the scope of review to be applied in equity actions, as follows:

At the outset, we recognize that "normally, appellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or abused his discretion." *Sack v. Feinman*, 489 Pa. 152, 165–66, 413 A.2d 1059, 1066 (1980) citing *Commonwealth Department of Environmental Resources v. Pennsylvania Power Co.*, 461 Pa. 675, 337 A.2d 823 (1975). "The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious." *Sack v. Feinman*, *supra*, 489 Pa. 152, 413 A.2d 1059 citing *Delp v. Borough of Harrisville*, 25 Pa.Cmwlth. 486, 360 A.2d 758 (1976). With these principles in mind, we examine the issued raised.

■ Appellants complain that the lower court erred as a matter of law in allowing them to be included as additional defendants in this action. Citing Pa.R.C.P. Rule 2252, appellants argue that appellees "can not seek to add persons as additional defendants. The Rules of Civil Procedure simply do not provide for such a request." Appellants' Brief, p. 8. A similar argument was rejected by our Supreme Court in *Lower Frederick Township v. Clemmer*, *supra*, 518 Pa. 313, 543 A.2d 502:

The rules relied upon by the Commonwealth Court [to find that joinder of an additional defendant by the plaintiff was improper] are the rules for the "Joinder of Additional Defendants" found in Pa.R.C.P. Rules Nos. 2251 to

2274. . . . A reading of Rules 2251 to 2274 reveals that they are intended to apply to defendants who wish to join an additional defendant. . . .

\* \* \* \* \* \*

Rules 2251–2257, by their very terms, are designed to apply to the situation where a defendant has grounds to add an additional defendant. The only time the rules are applicable to a plaintiff is where a plaintiff is counter-sued on a counterclaim and that plaintiff, who becomes a counterclaim defendant, wishes to join another as an additional defendant in the counterclaim.

\* \* \* \* \* \*

. . . The Rules of Procedure do not contain specific provisions outlining a procedure where a plaintiff is required to add another person as a party defendant. In the absence of a mandated procedure, trial courts have adopted various methods to effect a proper joinder of an additional party under circumstances other than the traditional situation of a defendant adding an additional defendant which is covered by Rules 2251 et seq. See 7 Goodrich Amram § 2232(c):1.1, pp. 563–64. Among the methods approved by the lower courts is the kind of procedure adopted by the Township and approved by the chancellor in this case, namely, adding an additional party by petition and rule. 7 Goodrich Amram § 2232(c):1.1, *supra.*

*Lower Frederick Township v. Clemmer,* 518 Pa. 324–325, 543 A.2d at 508–509 (footnote omitted); Pa.R.C.P. 2232(c) ("At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined. . . .").

Instantly, by petition and rule, appellees sought to join appellants as defendants. The lower court had proper jurisdiction over appellants, and appellants were provided with adequate notice of the action against them. Thus, we find that the lower court did not commit an error of law by permitting the joinder of appellants as defendants. *See, Lower Frederick Township,* 518 Pa. 326, 543 A.2d at 509.

■ Appellants also submit it was an abuse of discretion by the trial court to permit appellees to join them at such a late stage of the proceedings since their identity was known to appellees from the beginning of the litigation. Further appellants argue that it was an abuse of discretion for the lower court to find them in contempt of the Order of September 8, 1992. Appellants state that they did not directly harm appellees since neither of them were involved in the construction of the retaining wall by St. Clair Builders, Inc., in the early 1960's. Also, appellants cavalierly state:

> What [appellants] did was to make a business decision. A sound business decision based upon a rational assessment of the assets and liabilities of St. Clair Builders, Inc. That decision was that St. Clair Builders, Inc. did not have the resources with which to comply with the Order of September 8, 1992, and that rather than seek the protection of a bankruptcy discharge they chose to dissolve the corporation.

Appellants' Brief, p. 10.

Upon review, we find no abuse of discretion in the lower court's decision to add appellants as parties to the action at such a late date in the proceedings. We find that appellants' own actions necessitated their addition as parties. Simply put, there was no need to join appellants as defendants *until after they dissolved St. Clair Builders, Inc., in an effort designed solely to avoid its legal obligations under the Order of September 8, 1992.*

■ Moreover, appellants' willful violation of the order in their capacity as directors, officers and shareholders of the corporation was clearly contumacious and subject to a civil contempt citation, regardless of whether appellants were joined as parties. Where corporate officers knowingly disobey an injunction, the injunction can be enforced directly against those officers even when they have not been joined as parties to the suit. *Neshaminy Water Res. v. Del–Aware Unlimited,* 332 Pa.Super. 461, 468, 481 A.2d 879, 883 (1984); *Brightbill v. Rigo, Inc.,* 274 Pa.Super. 315, 329, 418 A.2d 424, 431 (1980). As the Commonwealth Court observed in *Americans Be Independent v. Commonwealth of Pennsylvania,* 14 Pa.Cmwlth.

179, 190, 321 A.2d 721, 727 (1974), a corporation acts only through its officers, agents, representatives and employees, and if such persons are permitted to knowingly violate the terms of an injunction, "it would be impossible for a court to ever enforce an injunctive order against a corporation such as [St. Clair Builders, Inc.]" *See also, Neshaminy Water Res.,* 332 Pa.Super. 469, 481 A.2d at 883; *Brightbill,* 274 Pa.Super. 330, 418 A.2d at 431. Here, appellants were the sole shareholders, directors and officers of St. Clair Builders, Inc. Appellants caused the corporation to be dissolved for the express purpose of avoiding its legal obligation to rebuild (or pay to rebuild) the retaining wall. We find no abuse of discretion on the part of the trial court in finding appellants in contempt of the order of September 8, 1992.[1]

Order affirmed.

---

**1.** Although neither party has raised any issues regarding the legality of the dissolution of St. Clair Builders, Inc., we note that appellants have violated the Business Corporation Law of 1988, 15 Pa.C.S.A. § 1101, *et seq.* The Business Corporation Law of 1988 governs voluntary dissolution of Pennsylvania corporations and *requires that the debts and liabilities of the corporation are satisfied by the corporation or discharged by a court of law* prior to final dissolution. See generally, 15 Pa.C.S.A. §§ 1971–1980 (Voluntary dissolution and winding up), 1991–1998 (Postdissolution provision for liabilities). Clearly, appellants made no provision for the judgment (mandatory injunction) against them at the time of dissolution, and, thus, they violated the Business Corporation Law. 15 Pa.C.S.A. §§ 1975, 1977, 1992, 1995, 1997.