Charles MEADOWS et al., Appellant

v.

Enoch GOODMAN, Appellee.

Superior Court of Pennsylvania.

Argued Jan. 13, 2010.
Filed April 8, 2010.

Marc F. Greenfield, Philadelphia, for appellant.

BEFORE: BOWES, GANTMAN and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Charles Meadows and Terry Bell, Appellants, appeal from the order[1] entered in the Philadelphia County Court of Common Pleas denying their motion to amend their complaint and dismissing the case. We hold that the trial court erred in denying a "motion to amend complaint" seeking to join a defendant, which had been filed by the plaintiff before the statute of limitations had run, and where neither the named defendant nor the proposed defendant would suffer prejudice. We further hold the court erred in *sua sponte* dismissing the case where, even if the motion to join a defendant were properly denied, there remained outstanding claims. We reverse and remand.

¶ 2 After suffering injuries in a car accident that occurred on May 1, 2007, Appellants initiated a personal injury suit on May 6, 2008 against Appellee, Enoch Goodman, whom Appellants believed was the owner and operator of the other vehicle. In discovery, Appellants learned that another person, N.C., may have been the driver. Accordingly, on March 26, 2009 Appellants filed a "Motion to Amend the Complaint" seeking to add N.C. as a defendant and averring that: (1) for judicial efficiency, Appellants did not want to initiate a separate suit against N.C.; (2) the statute of limitations had not yet run; and thus (3) Appellee could not claim prejudice.

¶ 3 The trial court denied the motion on April 21. The next entry on the docket is a May 11th order discontinuing the matter and marking it "disposed." (Order, 5/11/09). Appellants filed a motion for reconsideration, which the court denied on the basis that it could not treat the motion to amend the complaint as a motion to join a defendant because it failed to show "a reasonable justification for the delay in moving to add the additional defendant," and because "there was time to file a separate complaint against the proposed additional defendant within the statute of limitations."[2] (Order, 6/4/09 at n. 1). Appellants filed a timely notice of appeal.

1. Although this appeal was originally styled as an appeal from the order entered May 13, 2009, Appellants' notice of appeal correctly identified the order as filed May 11, 2009. Accordingly, we have amended the caption.

2. This order was filed June 4, 2009, subsequent to Appellants' filing of their notice of appeal, and thus while the trial court was without jurisdiction to take any action. *See* Pa.R.A.P. 1701(b); *R.W.E. v. A.B.K.,* 961 A.2d 161, 170 (Pa.Super.2008) *(en banc)* (stating trial court has no jurisdiction to proceed from time appeal is taken until this Court remands record to trial court). Nevertheless, we refer to this order for the court's reasoning in support of its rulings.

¶ 4 We first address the issue of Appellants' service of its notice of appeal. In their certificate of service, Appellants stated that it served the notice of appeal on the trial court and opposing counsel "via electronic mail and/or first class mail." (Certificate of Service, Notice of Appeal, 4/22/09). The trial court then filed a memorandum opinion dedicated solely to the suggestion that this appeal should be quashed for Appellants' failure to serve on it a copy of their notice of appeal.[3] (Memorandum Opinion, 6/23/09).[4]

¶ 5 Rule of Appellate Procedure 906(a)(2) provides: "Concurrently with the filing of the notice of appeal . . . the appellant shall serve copies thereof" upon "[t]he judge of the court below." Pa.R.A.P. 906(a)(2). While the rule is silent as to what consequences would follow a failure to serve the judge, Rule 902 provides in pertinent part:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal **does not affect the validity of the appeal,** but is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902 (emphasis added). *Id.* Accordingly, pursuant to Rule 902, we decline to quash the instant appeal.

¶ 6 We now review the issue Appellants raise on appeal: that the court erred in denying their motion to amend the complaint. They reiterate that the statute of limitations had not run at the time they filed the motion, and thus, Appellee was not prejudiced. They further reason that Appellee's failure to file an answer to the motion indicated "tacit consent [to] the motion." (Appellants' Brief, at 10). Appellants also aver that Appellee was not prejudiced by any procedural defect in filing a motion to amend the complaint instead of a motion to join a defendant.

¶ 7 Pennsylvania Rule of Civil Procedure 2232(c) provides in pertinent part: "At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action. . . ." Pa.R.C.P. 2232(c). In *Belle v. Chieppa,* 442 Pa.Super. 371, 659 A.2d 1035 (1995), this Court approved the plaintiffs' filing of a petition to amend their complaint in order to join additional defendants:

> . . . The Rules of Procedure do not contain specific provisions outlining a procedure where a plaintiff is required to add another person as a party defendant. In the absence of a mandated procedure, trial courts have adopted various methods to effect a proper joinder of an additional party under circumstances other than the traditional situa-

---

**3.** The trial court also noted that on June 30, 2009, the same date as its memorandum opinion, it had received by U.S. mail from Appellants' counsel an unsigned cover letter, dated June 2, 2009 and "not copied to opposing counsel," accompanied by a certificate of service of the notice of appeal. (Order, docketed 7/1/09). To the extent that Appellants attempted to serve the notice of appeal by U.S. mail, Rule of Appellate Procedure 906(a)(2) clearly requires service of the notice of appeal to be filed **concurrently** with the notice of appeal. As to electronic service, Pennsylvania Rule of Civil Procedure 205.4, "Electronic

Filing and Service of Legal Papers," provides that "[a] court by local rule may permit or require electronic filing of legal papers with the Prothonotary." Pa.R.C.P. 205.4(a)(1). Electronic filings are allowed in Philadelphia County through the website of the First Judicial District. *See* Phila.R.C.P. 205.4. However, while the trial court docket includes an entry that the notice of appeal was filed, there is **no** corresponding certificate of service.

**4.** The order was dated June 30, 2009 and stamped "docketed" as of July 1, 2009.

tion of a defendant adding an additional defendant which is covered by Rules 2251 *et seq. See* 7 Goodrich Amram § 2232(c):1.1, pp. 563–64. Among the methods approved by the lower courts is the kind of procedure adopted [by the trial court] in this case, namely, adding an additional party by petition and rule. 7 Goodrich Amram § 2232(c):1.1, *supra. Belle, supra* (quoting *Lower Frederick Township v. Clemmer,* 518 Pa. 313, 543 A.2d 502, 509 (1988) and citing Pa.R.C.P. 2232(c)).

¶ 8 Here, Appellants' "Motion to Amend the Complaint," comprised of ten one-sentence paragraphs, clearly stated their intention to add N.C. as a defendant. Specifically, Appellants averred they learned that N.C. "may have also been acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including co-defendant [Appellee] in causing" the car accident, and that they could have filed a separate lawsuit for bodily injury against N.C. and then a motion to consolidate the two actions, but in the interests of judicial efficiency, sought leave to amend. (Appellants' Motion to Amend Complaint, filed 3/26/09, at ¶¶ 3, 6–7). The motion raised no additional causes of action against Appellee. We find that under *Belle,* the form of the motion was proper, and thus the court erred in denying it on the basis of an inability to treat the motion to amend the complaint as a motion to join a defendant.

¶ 9 We now consider whether Appellants' motion caused prejudice or unfairness to Appellee or the proposed defen-

dant. The court found that Appellants had failed to show "a reasonable justification for the **delay** in moving to add the additional defendant." (Order, 6/4/09, at n. 1) (emphasis added). The statute of limitations for a personal injury claim is two years. *See* 42 Pa.C.S.A. § 5524(2), (7). Appellants thus had until May 1, 2009 to initiate suit for injuries suffered in the car accident. Their motion to add N.C. as a defendant was filed before that date, on March 26, 2009, and specifically stated that the statute of limitations had not run. In addition, while the court found "there was also time to file a separate complaint against the proposed additional defendant within the statute of limitations after the Court denied the Motion to Amend," (Order, 6/4/09, at n. 1), Appellants specifically explained in their motion that to promote judicial efficiency they were not filing a separate complaint against N.C. We disagree with the court's finding of delay, and in light of the foregoing reverse the order denying the motion.

¶ 10 In addition, we find no proper basis on which the trial court could have discontinued the matter. Appellee had filed an answer and new matter to which Appellants first filed a reply and then moved to join N.C. Neither party moved for summary judgment or similar relief before the court *sua sponte* discontinued the case. Thus, even if Appellants' motion to join N.C. were properly denied, their claims against Appellee, as well as Appellee's new matter, remained unresolved. Accordingly, we vacate the order discontinuing the suit.[5]

5. We distinguish the ruling in *Paden v. Baker Concrete Constr.,* 540 Pa. 409, 658 A.2d 341 (1995):

> a trial court may dismiss a plaintiff's amended complaint **against a party defendant joined** after the commencement of the action without leave of court in violation of

Pa.R.Civ.P. 1033, even when the improper joinder works no prejudice against the improperly joined defendant or the other parties to the action.

*See id.* at 342 (emphasis added). Here, the trial court not only dismissed the amended complaint against N.C., but also Appellants'

¶ 11 Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

original complaint against Appellee, as well as Appellee's new matter against Appellants.