J-S59030-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELI NASSAR, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVE ATUAHENE, | : | |
| | : | |
| Appellant | : | No. 730 EDA 2014 |

Appeal from the Order January 14, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July 2013 No. 2330

BEFORE:  SHOGAN, LAZARUS, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED SEPTEMBER 16, 2014**

I respectfully dissent.

The Majority finds all of Appellant's issues waived and quashes his appeal, citing to **Forest Highlands Community Ass'n v. Hammer**, 879 A.2d 223 (Pa. Super 2005) (**Forest Highlands**).  In my view, **Forest Highlands** does not dictate such a harsh result.

The appellant in **Forest Highlands** never served the trial court with a copy of her Pa.R.A.P. 1925(b) statement.  Due to this oversight, this Court affirmed the trial court's order, concluding that the appellant waived all of her appellate issues on appeal.  Here, Appellant timely filed his 1925(b) statement, and unlike the appellant in **Forest Highlands**, he served the trial court with that statement, albeit two days late.  Because Appellant

* Retired Senior Judge assigned to the Superior Court.

served the trial court with his Pa.R.A.P. 1925(b) statement, I would address

Appellant's preserved appellate issues on their merits.[1]

---

[1] My conclusion that quashing this appeal is unnecessarily harsh is bolstered by the fact that this Court will not quash an appeal when an appellant timely files a notice of appeal but never serves the notice of appeal on the trial court. **Meadows v. Goodman**, 993 A.2d 912, 914 (Pa. Super. 2010).