J-A01009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PEOPLESHARE, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEN VICKERY AND BEACON HILL | : | |
| STAFFING GROUP, LLC | : | |
| | : | No. 476 EDA 2020 |
| Appellants | : | |

Appeal from the Order Entered December 30, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2019-15863

BEFORE:   BENDER, P.J.E., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                      **FILED MAY 18, 2021**

Ken Vickery ("Mr. Vickery") and Beacon Hill Staffing Group, LLC ("Beacon Hill") (collectively "Appellants") appeal from the December 30, 2019 order granting the motion for a preliminary injunction filed by PeopleShare, LLC ("PeopleShare").  Upon review, we are constrained to dismiss this appeal as moot.

This action was commenced by PeopleShare in June of 2019, with the filing of a complaint seeking damages and injunctive relief for actions of the employee, Mr. Vickery, and his new employer, Beacon Hill, taken before and after Mr. Vickery switched jobs, "to compete against PeopleShare for its clients and employees and [to] use its confidential information in violation of restrictive covenants [Mr.] Vickery had entered into with PeopleShare in

_____

[*] Retired Senior Judge assigned to the Superior Court.

coming to work for it." Trial Court Opinion ("TCO"), 8/14/20, at 1. Along with the complaint, PeopleShare filed a motion for preliminary injunction, pursuant to Pa.R.C.P. 1531. *Id.* at 1-2. Appellants filed an answer and new matter to the complaint, and a hearing on the motion for preliminary injunction was scheduled for October 11, 2019. *Id.* at 2-3. After the first day of hearing, the trial court scheduled the proceeding for an additional half-day on October 23, 2019, at which time further testimony was heard. *Id.* at 5.

The trial court provided:

> The evidence in totality depicted a scenario in which [Mr.] Vickery, who had no experience in the field of temporary staffing, had come to work for PeopleShare as a branch manager[,] in early 2015. Although PeopleShare had sent him a package of contractual documents with parameters of the job and terms of the agreement in advance of starting work, these documents did not set forth, among other things, the specific formula for calculating [the] commissions and bonuses [Mr.] Vickery was to receive. According to PeopleShare's witnesses (its principal and a hiring manager), regular practice was to send such a package of documents to a prospective employee[,] along with restrictive covenants of noncompetition, nonsolicitation, and confidentiality, and there was evidence they were sent to [Mr.] Vickery, though he claimed he did not receive them. In any event, he signed the restrictive covenants upon commencing work at the firm,[1] and during his time there[,] he presented similar packages containing the restrictive covenants to other prospective employees in whose hiring he was involved.
>
> After about four years on the job, [Mr.] Vickery left PeopleShare's employ in dissatisfaction over commissions and bonuses, or the lack thereof. He immediately went to work for Beacon Hill, a

---

[1] The record reflects that Mr. Vickery executed an employment restrictive covenant agreement with PeopleShare, which contained both confidentiality and noncompete provisions, on January 19, 2015 (hereinafter "Restrictive Covenant"). *See* Complaint, 6/19/19, at Exhibit A (Restrictive Covenant).

- 2 -

competing firm in the temporary-staffing business, in derogation of the one-year and fifty-mile prohibitions of the restrictive covenants[] and[,] in doing so[,] provided Beacon Hill with information on clientele from PeopleShare's records, which he uploaded onto Beacon Hill's computer system, as well as soliciting and providing a reference from a PeopleShare client to obtain the Beacon Hill job. The parties differed about many of the details of [Mr.] Vickery's hiring at PeopleShare, what he did while there, and his leaving the firm to go to Beacon Hill[.] … [O]n the whole[,] the [c]ourt found itself tending to believe the testimony of PeopleShare's witnesses and finding [Mr.] Vickery's [testimony] not as credible[,] or even evasive on key issues.

*Id.* at 5-6.

On December 30, 2019, after deliberating on the evidence presented at the hearing and the parties' court-ordered, post-hearing briefs, the trial court granted PeopleShare's motion for a preliminary injunction. *See* Order, 12/13/19, at 1-2. The order expressly prohibited Mr. Vickery from "contacting (directly or indirectly) any entity or person with whom he had contact on behalf of [PeopleShare], while employed by [PeopleShare]," and from "competing with [PeopleShare] within fifty miles of [PeopleShare's] offices" for a period of one year from the entry of the order. *Id.* at 1 ¶¶ 1-2. The order further prohibited Beacon Hill from assisting Mr. Vickery in soliciting PeopleShare's clients for a period of one year from the date of its entry on the docket. *Id.* at ¶3.[2]

---

[2] "This order will be effective upon the posting of bond of $500 by [PeopleShare]." *Id.* at 2 ¶6. We glean from the record that the required bond was paid on December 31, 2019.

On January 22, 2020, Appellants filed a motion for reconsideration of the December 30, 2019 order. Appellants subsequently filed a timely notice of appeal on January 29, 2020, while the motion for reconsideration was still pending.[3] The trial court did not direct Appellants to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

Herein, Appellants present the following issues for our review:

I.      Whether this Court can properly consider Appellants' appeal when Appellants properly followed the Pennsylvania Rules of Appellate Procedure to timely appeal the trial court's order, including timely providing notice to the trial court based on information available and ordering the requisite testimony transcripts of the preliminary injunction hearing?

II.     Did the trial court abuse[] its discretion by finding [PeopleShare] was likely to prevail on the merits when … [the] Restrictive Covenant clearly lacked additional consideration to be enforceable?

III.    Did the trial court abuse its discretion by issuing an overbroad order in geographic and temporal scope of the Restrictive Covenant by prohibiting [Mr.] Vickery from working within fifty miles of all [PeopleShare's] offices and by prohibiting [Mr.] Vickery from providing placement services different than the services offered by [PeopleShare]?

IV.     Did the trial court abuse its discretion by expanding the scope of the Restrictive Covenant to include a larger

---

[3] We observe that the mere filing of a motion for reconsideration is insufficient to toll the 30-day appeal period triggered by the entry of an appealable order. *See Valley Forge Center Associates v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997). Hence, "although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition." *Id.* (citing Pa.R.A.P. 1701, Note). Instantly, the docket reflects that no ruling was made by the trial court on Appellants' motion for reconsideration.

geographical restricted territory and extending the duration of the restrictive period?

Appellants' Brief at 4 (unnecessary capitalization and emphasis omitted).

Before we may address the merits of Appellants' claims, we must determine whether these issues are properly before us. In general, an order granting a preliminary injunction is an interlocutory order appealable as of right. **See** Pa.R.A.P. 311(a)(4). Nonetheless, the trial court requested that we quash this appeal due to Appellants' failure to properly serve their notice of appeal on the trial court judge, pursuant to Rule 906(a)(2). TCO at 7-9 (citing Pa.R.A.P. 906(a)(2) (requiring an appellant to serve, "concurrently with the filing of the notice of appeal[,]" copies thereof, *upon the judge of the court below*)) (emphasis added). It noted that instead of serving the Honorable Emmanuel A. Bertin, the judge who entered the order subject to appeal, that Appellants improperly served their notice of appeal on the Honorable Virgil B. Walker, who was subsequently assigned to handle emergency motions, commencing in January of 2020. **Id.** at 7-8. Appellants argue, however, that they timely provided proper notice of this appeal, pursuant to Rule 906(a)(2), "based on the information available" to them at the time. Appellants' Brief at 11.[4] Relying on this information, they served Judge Walker with their notice

---

[4] Appellants explain that they sought clarification as to the presiding trial judge over this matter, and that they were advised by the Montgomery County Court Administration that Judge Bertin had retired, and that Judge Walker had been assigned to the matter on an emergency basis to hear Appellants' then-pending motion for reconsideration. **Id.** at 15-16.

of appeal. *Id.* at 11, 16.[5] Moreover, Appellants assert that even if they mistakenly served the incorrect judge, their actions constitute a harmless error, as the trial court ultimately issued a Rule 1925(a) opinion. *Id.* at 15. We agree with Appellants.

Rule 902 provides, in relevant part:

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902. Thus, when an appellant fails to serve the notice of appeal on the trial court pursuant to Rule 906(a)(2), this Court has discretion to take any appropriate action, including a remand to the trial court for completion of omitted procedural steps; however, a remand is *not* required. **See Casselbury v. American Food Service**, 30 A.3d 510, 511 n.1 (Pa. Super. 2011). Moreover, we emphasize that an appellant's lack of compliance with Rule 906(a)(2) does *not* affect the validity of the appeal. Pa.R.A.P. 902. **See also Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014) ("A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective.").

In the instant matter, despite the delay caused by Appellants' mistakenly serving their notice of appeal on Judge Walker, Judge Bertin

---

[5] Appellants indicate that it was not until Judge Walker issued a letter in response to this Court's notice of delinquent trial court record, that they learned Judge Bertin is still serving on the bench. *Id.* at 11-12.

- 6 -

eventually became aware of the appeal and issued an opinion, in which he had the opportunity to state his findings of fact and address his reasons for granting the preliminary injunction. While we do not condone Appellants' procedural error, we conclude that a remand is unnecessary because the error has not hampered this Court's review. *See Casselbury*, 30 A.3d at 511 n.1. *See also Meadows v. Goodman*, 993 A.2d 912 (Pa. Super. 2010) (declining to quash an appeal where the appellant failed to properly serve the trial court with a copy of the appellant's timely-filed notice of appeal).

Regardless, "[o]ur Courts cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." *Orfield v. Weindel*, 52 A.3d 275, 277 (Pa. Super. 2012) (citation omitted). "As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." *Id.* at 277-78 (citation omitted).

> An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law[.] In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.
>
> ***
>
> Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public important, 2) the question is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*Lico, Inc. v. Dougal*, 216 A.3d 1129, 1132 (Pa. Super. 2019) (quoting *In re R.D.*, 44 A.3d 657, 680 (Pa. Super. 2012)).

In the case *sub judice*, Appellants appeal from the order granting PeopleShare's request for injunctive relief, which by its own express terms, is no longer in effect. **See** Order, 12/30/19 (imposing restrictions upon Appellants for a period of one year from the entry of the order).[6] As such, this appeal is moot.

Moreover, our review of the record reveals that none of the exceptions to the mootness doctrine applies in the present case. The matter does not involve an issue of public importance, as it is "a private dispute revolving around the enforcement of a non-compete agreement in the contract of a single former employee." *Lico, Inc.*, 216 A.3d at 1132. Further, we discern that the question of the enforceability of the Restrictive Covenant will not arise again, because Mr. Vickery is no longer employed by PeopleShare. **See id.** (citing **Commonwealth v. Buehl**, 462 A.2d 1316, 1319 (Pa. Super. 1983) (explaining that "a case is capable of repetition, yet evading review[,] when (1) the challenged action is in its duration too short to be fully litigated prior

_____

[6] The preliminary injunction granted by the trial court is based on the Restrictive Covenant entered between the parties. We observe that, by its own terms, the Restrictive Covenant expired on May 8, 2020, one year from the date of Mr. Vickery's termination with PeopleShare. **See** Appellants' Brief at 35. We further note that whether the trial court abused its discretion by extending the term of the restrictive period via the entry of its order is an issue of contention on appeal. However, because both of these dates have passed and neither the order nor the Restrictive Covenant are any longer in effect, we need not determine which is the proper expiration date.

to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again") (internal brackets removed)).  Lastly, the parties will not suffer any detriment without this Court's decision, as Appellants sought to overturn the enforcement of the Restrictive Covenant, and that agreement has now expired.  PeopleShare cannot enforce the Restrictive Covenant now.  **See id.** at 1132-33.

In sum, Appellants sought to overturn a preliminary injunction based on a restrictive covenant, which has since expired.  Thus, any ruling by this Court would have no legal force or effect.  As such, the issues herein are moot, and we are constrained to dismiss this appeal.  **See id.** at 1133.

Appeal dismissed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2021