J-A02026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAY R. MCLAUGHLIN INDIVIDUALLY AND D/B/A MCLAUGHLIN LOGGING | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | |
| ZOOK MOTORS INC. | : : | No. 182 WDA 2022 |

Appeal from the Order Entered January 27, 2022
In the Court of Common Pleas of McKean County
Civil Division at No. 918 C.D. 2019

BEFORE:   BOWES, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                    **FILED: FEBRUARY 24, 2023**

Jay R. McLaughlin (Appellant), individually and d/b/a McLaughlin Logging, appeals from the order dismissing his complaint against Zook Motors, Inc. (Zook), for failure to join Laura Turner (Turner) and Sando Ferrucci (Ferrucci) as indispensable parties.[1]  We affirm.

The history of this case is long and convoluted.  In December 2017, Appellant and Ferrucci visited Zook to purchase a truck for their future business.  While at Zook, they negotiated the purchase of a truck for

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Turner and Ferrucci are now married.  **See** Trial Court Opinion, 3/28/22, at 2 (unnumbered).

$58,094.40.[2]  Appellant subsequently wired the purchase funds to Zook's

account.  Zook thereafter transferred sole title and possession of the truck to

Turner.  As a result, Appellant filed a civil complaint against Zook alleging

causes of action for (1) breach of contract; (2) civil conspiracy; (3)

conversion; (4) negligence; and (5) punitive damages.  Complaint, 3/10/20.

> On May 4, 2020, Zook filed an Answer and New Matter.
>
> [Zook] alleged that [Appellant] negotiated the truck purchase along
> with another individual, [] Ferrucci, and that the truck was to be
> acquired for a joint business venture between [Appellant] and Mr.
> Ferrucci.  [Zook] further alleged that the vehicle was then
> transferred to [] Turner at the express direction of [] Ferrucci, who
> acted with the apparent authority of [Appellant], and that [Zook]
> acted in good faith and in reliance on the apparent authority of []
> Ferrucci.
>
> On May 22, 2020, [Appellant] filed a Response to [Zook's] New
> Matter in which [Appellant] denied that the decision to purchase
> the truck was jointly made, and likewise denied that [] Ferrucci
> acted with any authority when directing that the truck be
> transferred to [] Turner.

Trial Court Opinion, 3/28/22, at 2 (paragraph designations omitted).

On August 20, 2020, Zook filed a complaint to join Ferrucci and Turner

(collectively, Additional Defendants) as defendants (hereafter, complaint to

join).  Zook claimed Appellant's "losses and damages, if any, are the result of

acts or omissions of the Additional Defendants."  Complaint to Join, 8/20/20,

¶ 3.  Zook explained:

---

[2] Appellant and Ferrucci intended to use the truck in a wastewater treatment
business.

Several days after payment of the purchase funds, and with no company name or business location having been established, [] Ferrucci, acting with apparent authority of [Appellant], advised Zook … that the truck would be temporarily titled in the name of [] Turner, an associate of Ferrucci.

*Id.* ¶ 18. According to Zook, it transferred and titled the vehicle to Turner in good faith. *Id.* ¶¶ 19-20. Zook asserts, should it be found liable, Additional Defendants are jointly and severally liable. *See generally id.* (Prayers for Relief).

Appellant responded by filing a motion to quash the complaint to join and compel discovery. Motion to Quash and Compel, 8/28/20. Appellant argued Zook untimely filed its complaint to join "242 days after service of the complaint," without the consent of Appellant or the trial court. *Id.* ¶¶ 11, 17. Appellant maintained Zook failed to show "reasonable justification for the delay in commencing joinder proceedings." *Id.* ¶ 21. Appellant averred that joinder of Additional Defendants would cause him prejudice. *Id.* ¶ 20.

On October 2, 2020, Zook moved to dismiss its complaint to join and discontinue its action against Additional Defendants. Motion to Dismiss, 10/2/20. Zook also notified the court that Additional Defendants filed a bankruptcy proceeding in New York State. *Id.* ¶ 24.

Separately, Zook moved to dismiss Appellant's complaint for failure to join Additional Defendants as indispensable parties. *Id.* ¶ 27. Zook explained that in an unrelated civil action, McLaughlin had identified Ferrucci and Turner as participants in the wastewater treatment business. *Id.* at ¶¶ 18-20

(referencing ***Advanced Water Services, LLC et al. v. Ferrucci and Turner***, No. 2019-10918).

The trial court scheduled a hearing on Zook's motion to dismiss its complaint to join for November 13, 2020. On November 9, 2020, however, the trial court deemed Zook's motion to dismiss uncontested and granted the motion with prejudice. Order, 11/9/20.

On November 12, 2020, Appellant requested reconsideration of the court's November 9, 2020, order. The trial court granted reconsideration and amended its November 9, 2020, order to provide, in part:

> It appearing that [Zook's] Motion to Discontinue as to Additional Defendants would result in the exclusion of indispensable parties, that motion is DENIED **without prejudice.**

Trial Court Order, 12/7/20, at 3 (unnumbered) (emphasis added).

On December 23, 2020, Appellant filed a motion to amend his complaint. Appellant's proposed amended complaint omitted the counts for conspiracy and conversion. ***See generally*** Amended Complaint, 12/23/20. Importantly, Appellant again failed to name Turner or Ferrucci as parties. ***See id.*** Appellant also filed a motion to quash Zook's complaint to join. Motion to Quash, 12/23/20.

On January 27, 2021, the trial court granted Appellant's motion to amend complaint. Order, 1/27/21. The court scheduled a hearing on Appellant's motion to quash the complaint to join for March 5, 2021. In the interim, on February 5, 2021, Zook petitioned to withdraw its motion to

discontinue the complaint to join. Petition to Withdraw (Discontinuance), 2/5/21.

On February 12, 2021, after a hearing, the trial court addressed the pending motions. The court ordered:

[Zook's] Motion to Dismiss [Appellant's] Complaint is DISMISSED without prejudice. As the parties have agreed to conduct limited discovery as to the question of indispensable parties, dismissal of the Complaint would be inappropriate.

… [Zook's] Complaint to Join Additional Defendants shall be deferred while the parties conduct limited discovery as to the issue of indispensable parties. Upon completion of limited discovery, the parties shall be prepared to argue this issue before the Court.

… [Zook's] Petition to Withdraw Motion to Discontinue Action Against Additional Defendants is moot. This Court, in its Order dated December 7, 2020, denied said motion without prejudice. Therefore, a withdrawal of the Motion is unnecessary. Despite the fact that said Motion was already denied, [Zook] may withdraw the Motion if they so choose. To the extent that any confusion exists, [Zook's] Complaint to Join Additional Defendants has not been discontinued and remains outstanding.

At this time, two (2) motions remain outstanding: (1) [Appellant's] Motion to Quash [Zook's] Complaint to Join Additional Defendants and (2) [Zook's] Complaint to Join Additional Defendants. Decision on these motions shall be deferred until the conclusion of the parties' limited discovery or until further hearing before the Court.

Order, 2/12/21, at 2 (unnumbered).

The trial court ordered Zook to schedule depositions of the Additional Defendants. Order, 3/5/21. A few days later, the trial court scheduled a status conference for June 11, 2021. On April 15, 2021, without objection,

the trial court permitted Appellant to again amend his complaint. The parties stipulated to the completion of discovery by July 15, 2021. Order, 5/14/21.

On August 26, 2021, Zook filed a motion to dismiss Appellant's complaint for nonjoinder of indispensable parties, along with a brief in support of its motion. Motion to Dismiss, 8/26/21. Zook's motion alleged:

> At the time of the transaction for the vehicle in question, [Appellant] and his wife were involved in a business venture with [] Ferrucci and [] Turner, namely a partnership involving water treatment services.
>
> • In December, 2017, [Appellant] and [] Ferrucci went together to meet a sales representative at [a] Zook [] dealership regarding the purchase of the vehicle.
>
> • The Zook [] representative understood the vehicle was being purchased as part of the business venture, and that an agency relationship existed between [Appellant] and Ferrucci.
>
> • Funds were wired from [Appellant's] bank account to Zook [] to pay for the vehicle.
>
> • Title to the 2016 Ford F-350 was transferred by Zook [] to [] Turner.

*Id.* ¶ 6.

Appellant responded, filing a "Rule to Show Cause"[3] why Zook should not be held in contempt for failing to comply with the trial court's discovery deadline, and for filing its motion to dismiss beyond the deadline. Rule to Show Cause, 8/27/21. The trial court dismissed Zook's untimely filed motion

---

[3] Appellant did not petition for a rule to show cause as provided in Pa.R.C.P. 206.4 – 206.6.

on September 1, 2021. The court also scheduled a hearing on Appellant's rule to show cause for October 8, 2021, the same day as its status conference. Zook filed a motion for reconsideration, which the trial court granted. Order, 9/28/21. The trial court advised that on October 8, 2021, the court would hear argument on **all outstanding motions**. *Id.*

After the October 22, 2021, hearing, the trial court filed a memorandum and order deeming Additional Defendants indispensable parties and directing that Appellant join them as parties. Trial Court Order, 10/22/21, ¶¶ 1-2. However, the memorandum and order were not served on the parties.

On December 7, 2021, Appellant moved for reconsideration of the trial court's October 22, 2021, order. The trial court granted relief:

> [Appellant's] counsel having averred in a motion filed this date that he did not receive a copy of the [c]ourt's Memorandum and Order dated October 22, 2021, directing [Appellant] to join [] Turner and [] Ferrucci as additional parties, and it appearing that [Zook's] counsel likewise did not receive a copy of the [c]ourt's said Memorandum and Order, and that the date for [Appellant's] compliance has long passed and [Appellant] has been unduly prejudiced, **it is ORDERED that [Appellant] shall not later than January 6, 2022 comply with this [c]ourt's earlier directive to join [Additional Defendants].**

Order, 12/8/21 (emphasis added). The trial court attached and filed its October 22, 2021, memorandum and order deeming Turner and Ferrucci indispensable parties. *See id.* (attachment).

Appellant filed a Motion for Clarification on December 29, 2021. Appellant claimed there was no proof "why [Additional Defendants] are indispensable or as to what cause of action [Appellant] has against either

Ferrucci or Turner." Motion for Clarification, 12/29/21, ¶ 10. The trial court granted clarification, and directed Appellant to its October 22, 2021, memorandum and order. Order, 1/12/22, ¶ 3. The court expressly warned:

> The [c]ourt has found Ferrucci and Turner to be indispensable parties to this action. Failure to join indispensable parties is a jurisdictional defect. *See Pilchesky v. Doherty*, 941 A.2d 95, 101 (Pa. Commw. Ct. 2003). When a court finds that there has been a failure to join indispensable parties, they must either be joined or the action dismissed. *See* Pa.R.C.P. No. 1032(b). The [c]ourt shall not advise [Appellant] on how best to litigate this case; **the indispensable parties must be joined or the action will be dismissed.**

*Id.* ¶ 4 (emphasis added).[4]

On January 27, 2022, the trial court dismissed Appellant's amended complaint for failure to join indispensable parties. Order, 1/27/22. Appellant timely filed a notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Whether the lower court erred as a matter of law and/or committed an abuse of discretion when it granted [Zook's] Motion to Dismiss [Appellant's] Complaint for failure to join indispensable parties?

Appellant's Brief at 4 (capitalization modified).

Initially, we observe that the trial court dismissed Appellant's complaint for lack of subject matter jurisdiction, based upon the nonjoinder of

---

[4] Counsel for Additional Defendants entered his appearance on January 24, 2022.

indispensable parties. "The failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction." ***Turner v. Estate of Baird***, 270 A.3d 556, 560 (Pa. Super. 2022) (citation omitted). "Subject matter jurisdiction raises a question of law for which our standard of review is *de novo* and our scope of review is plenary." ***Id.*** (citation omitted). "[A] judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void." ***Id.***

Appellant first explains:

> It is not the purpose of this Brief to challenge the lower court's finding that [] Ferrucci and [] Turner are indispensable parties. They are. It is the unfortunate purpose of this Brief to demonstrate that the lower court abused its discretion in ordering the Appellant to join them, as additional defendants, not later than January 6, 2021.

Appellant's Brief at 21 (capitalization modified). Appellant argues "the right to join additional defendants is available only to a defendant, or to an additional defendant; it is not available to a plaintiff." ***Id.*** at 25. According to Appellant, Pa.R.C.P. 2253 required Zook to file its complaint to join additional defendants no later than 60 days after Appellant's initial pleading.[5]

---

[5] Rule 2253 provides, in relevant part:

> [N]either a praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by complaint, shall be filed later than … sixty days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof ….

Pa.R.C.P. 2253(a)(1).

Appellant's Brief at 22. Appellant claims Zook's complaint to join was filed four months late. *Id.* Thus, Appellant concludes the trial court improperly determined that Zook's complaint to join "has not been discontinued and remains outstanding." *Id.* at 24 (emphasis omitted).

Appellant points out that Additional Defendants filed a motion to continue a scheduled status conference, prior to being pled into the action. *Id.* at 25. According to Appellant, the trial court granted their motion, referring to Ferrucci and Turner as "additional defendants" both in the caption and body of the order. *Id.* Appellant asserts the term "additional defendants"

> refers only to persons who may be joined as defendants in a 3rd – party complaint filed in the action by a defendant, or another defendant, in accordance with the Joinder Rules.

*Id.* at 24 (citing *Lower Frederick Twp. v. Clemmer*, 543 A.2d 502 (Pa. 1988)). Appellant argues the trial court's order required he "do something, as plaintiff, that he could not do – join an additional defendant." *Id.* at 26 (capitalization modified). Appellant insists:

> All the lower court had to do to resolve the matter was to permit the late filing of [Zook's] Complaint to Join Additional Defendants. In that event, indispensable parties would have been properly joined, as additional defendants, in August 2020. The way the lower court handled it, the joinder of Ferrucci and Turner, as additional defendants, was not even directed until over a year later.

*Id.* at 27.

Appellant also argues the trial court's December 7, 2021, order did not afford him 30 days to comply with its joinder directive. *Id.* According to

Appellant, the four-year statute of limitation for the breach of contract action as to Additional Defendants, expired on December 21, 2021. *Id.* As a result, Appellant had only two weeks to effect joinder. *Id.* at 27-28. Finally, Appellant claims the trial court never expressly dismissed or nullified Zook's complaint to join additional defendants. *Id.* at 29.

Zook counters that it filed its complaint to join to Appellant's *first* complaint. Appellee's Brief at 13. Since then, Zooks asserts, Appellant amended its complaint three times. *Id.* Zook contends the filing of amended complaints rendered its complaint to join moot. *Id.* at 13-14.

Additionally, Zook emphasizes Appellant repeatedly moved to quash the complaint to join. *Id.* at 14. According to Zook, Appellant

> should be estopped from now asserting the lower court abused its discretion in not permitting [Zook] to complete the joinder of "Additional Defendants."

*Id.* Zook agrees with the trial court that Appellant's failure to join indispensable parties deprived the court of subject matter jurisdiction. *Id.* at 15. Zook further disputes Appellant's characterization of the trial court's order as referencing Turner and Ferrucci as "additional defendants." *Id.* at 17. Rather, Zook claims the trial court referred "to the need for [Appellant] to add indispensable parties as defendants." *Id.*

Our review is guided by the Rules of Civil Procedure. Rule of Civil Procedure 2232(c) provides:

> **At any stage of an action, the court may order the joinder of any additional person who could have joined or who**

- 11 -

> **could have been joined in the action** and may stay all proceedings until such person has been joined. The court in its discretion may proceed in the action although such person has not been made a party if jurisdiction over him cannot be obtained and he is not an indispensable party to the action.

Pa.R.C.P. 2232(c) (emphasis added).

Appellant relies on Rule 2553 to argue that a plaintiff may not join additional defendants. However, in *Clemmer*, our Supreme Court contrasted Rule 2232(c) with Rules 2251 – 2257, which prescribe the procedures by which **a defendant** may join additional defendants:

> These rules, however, do not speak to the situation of the instant case where a plaintiff is ordered to add another person as a party defendant because that other person is an indispensable party. A reading of Rules 2251 to 2274 reveals that they are intended to apply to defendants who wish to join an additional defendant. To illustrate this intent, we quote from Rules 2252, 2253, 2254, 2255 and 2256.
>
> Rule 2252 sets forth who may join an additional defendant in a lawsuit. Rule 2252(a) begins: "In any action *the defendant or any additional defendant may*, as the joining party, join as an additional defendant any person …." (Emphasis supplied.)
>
> Rule 2253 sets forth the time to file a praecipe for a writ or a complaint. Rule 2253 provides: "Neither praecipe … nor a complaint … shall be *filed by the original defendant or an additional defendant later than sixty (60) days* …." (Emphasis supplied.)
>
> Rule 2254 provides for the service of process in joining an additional defendant. Rule 2254(a) begins: "If the venue of the action by the plaintiff against the defendant is properly laid, the defendant *or any additional defendant may serve an additional defendant in any other county* …." (Emphasis supplied.)
>
> Rule 2255 sets forth the procedure in joining an additional defendant. Rule 2255(a) merely states that the procedure between the joining party and the additional defendant "shall be

> the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant." Rule 2256 addresses the question of counterclaims. Rule 2256(c) provides: "A party against whom a counterclaim is asserted shall have the same right to join any one as an additional party *that is given to a defendant in Rule 2252*." (Emphasis supplied.)
>
> Rules 2251-2257, by their very terms, are designed to apply to the situation where a defendant has grounds to add an additional defendant, or where one added as an additional defendant wants to add another additional defendant. The only time the rules are applicable to a plaintiff is where a plaintiff is counter-sued on a counterclaim and that plaintiff, who becomes a counterclaim defendant, wishes to join another as an additional defendant in the counterclaim.

*Clemmer*, 543 A.2d at 508 (emphasis in original).

> Our Supreme Court further observed,
>
> the chancellor acted pursuant to Rule 2232(c) and ordered the joinder of Dawn Lenore Kratz as an indispensable party. **The Rules of Procedure do not contain specific provisions outlining a procedure where a plaintiff is required to add another person as a party defendant.** In the absence of a mandated procedure, trial courts have adopted various methods to effect a proper joinder of an additional party under circumstances other than the traditional situation of a defendant adding an additional defendant which is covered by Rules 2251, *et seq.* ….

*Id.* at 509 (emphasis added). Thus, the Supreme Court recognized a plaintiff may join "another person as a party defendant." *Id.*

In **Belle v. Chieppa**, 659 A.2d 1035 (Pa. Super. 1995), this Court approved the plaintiffs' filing of a petition to amend their complaint to join additional defendants, quoting the above language in **Clemmer**. *Id.* at 1039; *see also Meadows v. Goodman*, 993 A.2d 912, 914-15 (Pa. Super. 2010)

- 13 -

(approving, as a means for joining an additional party, plaintiffs' motion to amend the complaint).

In the instant case, the trial court ordered Appellant to join Turner and Ferrucci as indispensable parties:

> Having determined [] Ferrucci and [] Turner to be indispensable, the [t]rial [c]ourt next considered what impact that determination had on the case at hand. Failure to join indispensable parties is a jurisdictional defect. ***See Pilchesky v. Doherty***, 941 A.2d 95, 101 (Pa. Commw. Ct. 2008). The issue of indispensable parties may be raised at any point in the proceedings, and cannot be waived. ***Id.***
>
>> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall order that the action be transferred to a court of the Commonwealth which has jurisdiction or that the indispensable party be joined, but if that is not possible, then it shall dismiss the action.
>
> Pa.R.C.P. No. 1032(b). In accordance with this Rule, the [t]rial [c]ourt [o]rdered that the indispensable parties be joined, and gave [Appellant] ample opportunity to do so. The parties were well aware that joinder of indispensable parties was an issue in this case, as it was initially brought up well over a year ago. Having ultimately determined the parties to be indispensable, but knowing that such a finding would likely put [Appellant] out of court, the [t]rial [c]ourt permitted interlocutory appeal of its [m]emorandum and [o]rder pursuant to 42 Pa.C.S.A. § 702(b). [Appellant] chose not to appeal. Therefore, the [t]rial [c]ourt had no alternative but to dismiss the action, as clearly set forth in Pa.R.C.P. No. 1032(b).

Trial Court Opinion, 3/28/22, at 7-8 (unnumbered). Discerning no error, we agree with the trial court's reasoning and conclusion. ***See id.*** We therefore affirm the trial court's order dismissing Appellant's complaint with prejudice.

Order affirmed.

- 14 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   2/24/2023