## Burnett v. Mueller

*Anna Belle Jones,* for plaintiff.

*R. B. Johnson,* for defendants.

ACKER, J., September 25, 1969.—The matter for consideration arises from preliminary objections to a complaint in ejectment. It is alleged that defendants are in possession of all or part of certain premises in the Borough of Mercer.

Plaintiff claims the right to possession under a deed dated September 9, 1963, in which Jean Burnett, plaintiff, is the sole grantee. Title is likewise claimed through an agreement of sale between Jean Burnett and John H. Barnes as parties of the first part and the named defendants as parties of the second part. Pursuant to this agreement, $4,500 was to be paid in full by July 1, 1973, at the rate of $50 per month. The purchase price was to be secured by a note made contemporaneous with the agreement dated January 1, 1965. By the agreement, in the event of any default for a period of 90 days, the "agreement shall become void and the title shall remain in the name of Jean Burnett." It is alleged "such default having occurred for more than 90 days, plaintiff is entitled to possession . . ."

Defendants attack the complaint by a preliminary objection. They do not, however, caption their preliminary objection as to its nature nor do they conclude with a prayer for any specific relief.[1] The pleading captioned, "Preliminary Objection" alleges in paragraph one that "the complaint fails to specify

---

[1] Three possible reliefs are provided by Pa. R. C. P. 1017, subsection (b), that "Preliminary objections are available to any party and are limited to . . . (3) a motion for a more specific pleading . . .; (4) a demurrer . . .; (5) a petition raising . . . non-joinder of a necessary party . . ."

the particular default or defaults of the defendant in performing under the articles of agreement pleaded." It is assumed that defendant intends this to be pursuant to Pa. R. C. P. 1017(b)(3) in the nature of a motion for a more specific complaint.[2]

The second basis of objection appears to be pursuant to Pa. R. C. P. 1017(b)(5) dealing with "non-joinder of a necessary party." Therefore, it is considered as a petition to strike the complaint for failure to join a necessary party.

In support of this position, defendants claim that John H. Barnes is a necessary party in that under the agreement as attached to the complaint he has a life estate. Further, that Nellie Barnes, wife of John H. Barnes, is a necessary party in that she likewise has a life estate.

Is Plaintiff in this Action in Ejectment Required to Set Forth the Moneys which Defendants are Claimed to be in Default?

Although the procedural rules in an action in ejectment are to be in accordance with the rules relating to an action of assumpsit,[3] the only specific averments so denominated by the rules are those dealing with a description of the land, an abstract of the title upon which plaintiff relies, or at least the common source of the adverse titles of the parties.[4]

---

[2] If this preliminary objection were to be considered as a demurrer, the test is not whether the complaint is so clear in both form and specification as to entitle plaintiff to proceed to trial without amendment, but whether the facts averred show as a matter of law that plaintiff is not entitled to recover, i.e., whether the claim as stated excludes the possibility of recovery under a particular statement of facts: Lacy v. East Broad Top Railroad and Coal Co., 168 Pa. Superior Ct. 351, 77 A.2d 706 (1951). If the instant case were considered under this rule, the demurrer would be overruled.

[3] Pa. R. C. P. 1051.

[4] Pa. R. C. P. 1054.

In this case, plaintiff claims title through two sources; first, the deed of September 9, 1963; and second, the agreement of sale of May 1, 1965. By the latter, defendants to this action were to pay a total consideration of $4,500 on or before July 1, 1973, by an initial payment of $500 by April 1, 1965, and $50 a month thereafter, with interest at the rate of six percent. Likewise, "it is further agreed that in default of any payment for a period of ninety days, this agreement shall become void and the title shall remain in the name of Jean Burnett." Paragraph four of plaintiff's complaint alleges, "Such default having occurred for more than ninety days, plaintiff is entitled to possession . . ." Defendants desire that plaintiff allege the specific default or defaults. There does not appear any case specifically in point.

A motion for a more specific complaint is provided by the procedural rules so that a defendant's right and ability to answer and defend will not be unduly impaired by plaintiff's vagueness in stating the grounds of his suit: Local No. 163, Int. U. of United Brewery etc., Workers of America v. Watkins, 417 Pa. 120, 207 A. 2d 776 (1965).

As stated in Carvella v. Handy Andy Food Mart, 44 D. & C. 2d 133 (1968) (C. P. of Lawrence County, Lyon, J.), p. 134: "The ultimate test and controlling consideration is whether the complaint adequately informs the adverse party of the issues which he must be prepared to meet so that he may properly prepare his defense for trial; George v. George, 318 Pa. 203, 178 Atl. 25 (1935); Hall v. Mednitsky, 51 Luz. 55 (1960). The whole complaint must be considered in making this determination: Whitehead v. Szendroi, 74 York 129 (1960); Dyer v. Kopf, 31 Northumb. 124 (1959)."

Although there are no cases directly in point, several

are of some assistance in resolving this matter. It has been held that an averment that property "had been abandoned by its rightful owner . . ." with no detail as to the date or circumstance is a conclusion and insufficient: Grayson v. Central Delaware County School District Authority, 46 Del. Co. 268 (1959). On the other hand, it has been concluded that mesne profits need not be itemized in an ejectment action: Baker v. Keiser, 20 Northumb. 59 (1948). In Pepple v. Neibert, 6 D. & C. 2d 567, being an action in ejectment, the complaint alleged that plaintiff acquired the land by adverse possession for more than 21 years. No details of the manner of acquiring the adverse possession were provided. This was held to be sufficiently specific. See also Commonwealth v. Sherk, 44 D. & C. 2d 40 (1967).

It is of note that the complaint in this case is not for money damages in the form of mesne profits. The only request for relief is "Wherefore, Plaintiff seeks to recover possession of said premises." Therefore, it is immaterial whether defendants are in default for the full $4,500 or any particular part thereof as long as they are in default of some part for a period of 90 days or more. Having so alleged, the complaint is found to be sufficiently specific.

Are John H. Barnes and Nellie Barnes necessary parties to this suit?

The preliminary objection alleges that John H. Barnes has a life estate in the subject property with Nellie Barnes, his wife. Further, that under the agreement, Nellie Barnes, wife of John H. Barnes, is a necessary party to the suit along with the said John H. Barnes, who was the signator to the agreement, and she had a life interest in this contract.

An examination of the agreement for sale of land discloses that John H. Barnes appears as one of the

parties of the first part. In the body of the agreement it is provided that monthly payments are to be made to John H. Barnes or Nellie Barnes during their lifetime and any amount unpaid at their death to be paid in the same manner to Jean Burnett.

There is no allegation in the complaint in ejectment, nor fact alleged in the deed to Jean Burnett, which demonstrates in any way what interest, if any, John H. Barnes and his wife, Nellie, have in the subject property. To provide that the monthly payments are to be made to the Barnes during their lifetime and that any amount unpaid at their death is to be paid to Jean Burnett is not the equivalent of saying that they have a life estate. They could be collecting the payment as agents, representatives or employes on behalf of Jean Burnett. There could have been an assignment of the payment by Jean Burnett to them during their lifetime. When all the facts are established in this case by competent evidence, it may be that they have a life estate. But the assumption in the preliminary objection, not under oath, cannot be binding upon the plaintiff in the present posture of the pleadings. Assuming, however, that they do have a life estate, is it required that they join in this action?

A discussion of the nature of an action in ejectment is found in Bannard v. New York State Natural Gas Corporation, 404 Pa. 269, 274, 172 A. 2d 306 (1961): "In the absence of a change in the common law by statute, the only necessary or indispensable party to an ejectment action is the person in actual possession of the land and, where such land is under lease, it is the tenant, not the landlord, who constitutes the only necessary or indispensable party." This would seem to dispose of the necessary defendants, but what if there are many persons who have a proprietary interest in a property, but only one or less than all desire to commence an action of ejectment? This situation

arose in Callen v. Callen, 83 D. & C. 212 (1951) (C. P. Mercer County, Braham, P.J., specially presiding). There, 17 tenants in common appeared as joint plaintiffs in an equity proceeding claiming to represent 11 other cotenants who had not appeared. The issue was whether the 17 could represent not only themselves but 11 other tenants in common who had not appeared. In holding that they could not, it was noted that tenants in common are not a class within the meaning of a true class suit, that their interests are several, direct and definite. Each has his own separate interest which may be separately aliened and encumbered. Citing Stewart v. Cummings, Admr., 109 Pa. Superior Ct. 57; Cotenancy, 14 Am. Jur. 146, §81. In addition, page 217, "One cotenant may deprive another cotenant of his interest by adverse possession: Phillips v. Gregg, 10 Watts 158; Adverse Possession, 1 Am. Jur. 822, §53. The claim of defendant against each plaintiff represents a separate issue. The issues are consolidated for convenience on trial."

The court notes further that one who is not in personam in a litigation is not bound by its outcome. It held that although the 11 cotenants who had not appeared could do so under the general principles of intervention if they so desired, those who remained were directed to file an amended complaint setting forth the amount of their several interests in the land. The case then proceeded to trial and eventually resulted in a judgment for defendant.

Considering, therefore, the nature of an action of ejectment as a determination between the particular plaintiff suing and defendant as to who has the right of immediate possession, even if John H. Barnes and Nellie Barnes have an outstanding interest, the action may proceed. The purpose of an ejectment action as opposed to quiet title is not to determine the relative and respective rights of all potential title holders, but

rather the immediate rights between plaintiff and defendant involved in that particular litigation. Others may intervene under appropriate procedural rules, but the action will not be dismissed for their failure to do so.

The situation in the instant case is somewhat similar to that of Young v. Pennsylvania Monongahela & Southern Railroad Company, 48 Pa. Superior Ct. 49 (1911), page 51: "When in an action of ejectment by a vendor, in an executory contract, against the purchaser to recover possession of the land, the defendant sets up the executory contract and alleges that plaintiff cannot convey the fee simple title covenanted for, the proceeding assumes an equitable character. The contract can only become effective as a defense upon condition that defendant shall perform his covenants. He must pay the purchase money or surrender possession of the land, so far as he has acquired that possession under the contract. This result is reached by the entry of a conditional verdict and judgment, as was done in this case, in favor of the plaintiff for the land described in the writ, to be released upon payment of the purchase money by the defendant."

It is, of course, the very basis of an action of ejectment that plaintiff must recover on the strength of his own title rather than on the weakness of defendant's title. Therefore, defendant may protect his own possession by showing an outstanding title in a third person: Kreamer v. Voneida, 213 Pa. 74, 62 Atl. 518 (1905). The possession of defendant gives him a right against every man who cannot establish good title. If he can demonstrate the real title of the land to be in another, it will be sufficient for his defense without also proving that he holds the land with the consent or under the authority of the real owner: Putnam v. Tyler, 117 Pa. 570, 12 Atl. 43 (1888). Therefore, it would appear that if defendants' position is proven

that there is an outstanding life estate in John H. Barnes and Nellie Barnes, they should raise their defense in a responsive answer. This court cannot dismiss the action on the basis that an indispensable party is absent.

## ORDER

And now, September 25, 1969, the preliminary objections are dismissed and defendant is directed to plead to the complaint within 20 days of notice of this order.