IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman C. Ross,                    :
           Appellant            :
                          :   No.  84 C.D. 2020
        v.                :
                          :   Submitted: October 23, 2020
Donald B. Ross             :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED:  December 14, 2021

Norman C. Ross (Norman) appeals *pro se* from the August 5, 2019 order of the Court of Common Pleas of Montour County (trial court) sustaining the preliminary objections (POs) of Donald B. Ross (Donald) and dismissing Norman's action commenced against Donald entitled: "Action in Ejectment Pursuant to Pa.R.Civ.P. 1061(b)(1)" (complaint) for his failure to join the Pennsylvania Game Commission (Game Commission) as an indispensable party.

**Statement of Facts**

The facts according to Norman's complaint and the exhibits attached thereto are as follows: Norman and Donald are two brothers who, together with a third brother, Clark G. Ross (Clark), each inherited from their grandmother an undivided 1/3 interest in several hundred acres of woodlands located in Liberty, Mahoning, and Valley Townships, Montour County (hereinafter "woodlands") (Complaint (Compl.)

¶9; Reproduced Record (R.R.) at 6a, 27a-30a.) Part of the woodlands consisted of tax parcels 4-20-44, 4-21-49 and 4-21-51, and tax parcel 4-21-42, a 74.99-acre swath of land, referred to by the parties as "the submarine" on account of its shape.[1] *Id.* ¶¶7, 12; R.R. at 5a, 6a.

On December 30, 2005, Clark and Norman sold their 1/3 interests in tax parcels 4-20-44, 4-21-49 and 4-21-51 to Thomas and Beth Stubler (Stublers). *Id.* ¶13; R.R. at 7a, 33a-39a. By Deed dated May 12, 2006, Clark conveyed to the Stublers his 1/3 interest in tax parcels 4-20-44, 4-21-49 and 4-21-51, "together with any other lands in Liberty Township owned by grantor [Clark G. Ross]." *Id.* ¶¶21-23; R.R. at 8a-9a, 44a. By Deed dated February 13, 2008, Norman conveyed to the Stublers his 1/3 interest in tax parcels 4-20-44, 4-21-49 and 4-21-51, but not tax parcel 4-21-42. *Id.* ¶¶24-26; R.R. at 9a. By Deed dated December 19, 2017, the Stublers conveyed to the Game Commission their 2/3 interest in tax parcels 4-20-44, 4-21-49 and 4-21-51. *Id.* ¶32; R.R. at 11a, 57a.

By Quitclaim Deed dated May 4, 2018, the Stublers remised, released and quit-claimed to Donald all right, claim, title and interest, if any, to real property situated in Liberty township which the Stublers "may have acquired by conveyance from [Clark], under and by virtue of the Deed dated May 12, 2006 . . . excluding, however, any and all right, title, claim and interest in . . . [tax parcels 4-20-44, 4-21-49 and 4-21-51]." (Compl. Ex. "K"; R.R. at 64a.) That is, the Stublers conveyed to Donald, Appellee herein, all interest in whatever land they acquired from Clark over and above the land described in tax parcels 4-20-44, 4-21-49 and 4-21-51. At the time of the Quitclaim Deed, it was unclear whether any such lands existed. *Id.*; R.R. at 66a.

---

[1] This 74.99-acre submarine-shaped parcel is the land subject to the underlying proceeding and this appeal.

On June 14, 2018, Donald's counsel sent a letter to Norman "to bring [Norman] up to date on the ownership" of tax parcel 4-21-42. (Compl. ¶¶50-51; R.R. at 15a, 25a.) The letter stated that Norman owned an undivided 1/3 interest and Donald owned an undivided 1/3 interest and the other 1/3 interest was conveyed by Clark to the Stublers who, in turn, conveyed that 1/3 interest to Donald. *Id.* In the letter, Donald sought Norman's permission to timber tax parcel 4-21-42. Norman refused to consent, both verbally and in writing. At some point after June 2018, Donald removed the majority of the timber from tax parcel 4-21-42 without Norman's consent.

On March 1, 2019, Norman, *pro se*, filed a one-count complaint against Donald[2] entitled: "Civil Action – Ejectment Pursuant to Pa.R.Civ.P 1061(b)(1).[3]"

Norman did not join the Game Commission as a party. He averred that the Game Commission had no interest in parcel 4-21-42. *Id.* ¶35; R.R. at 11a. According to the complaint, the Game Commission had no involvement in the conversion of timber on tax parcel 4-21-42, and was not occupying, adversely possessing, or attempting to adversely possess tax parcel 4-21-42. Norman averred that he and Donald "became possessed of" their 1/3 and 2/3 interests respectively as tenants in common. *Id.* at p. 1; R.R. at 4a. (Preliminary Statement). He alleged:

> Defendant [Donald] has always understood, acknowledged and admitted Plaintiff's [Norman] ***possession and ownership*** of an undivided one-third (1/3) interest in the subject real estate. However, . . . ***Defendant [Donald] now***

---

[2] Prior to this filing, Norman had filed a related action to quiet title against Donald and the Game Commission in the Montour County Court of Common Pleas. A hearing was held before the trial court during which the Game Commission claimed to have a direct interest in tax parcel 4-21-42. Norman later voluntarily discontinued the quiet title action.

[3] Pa.R.Civ.P. 1061(b)(1) provides that an action to quiet title may be brought "to compel an adverse party to commence an action of ejectment[.]"

> *seeks to eject, oust, and dispossess Plaintiff [Norman] from his undivided one-third (1/3) interest*.

*Id*. (emphasis added).

Norman averred that "[t]here is no dispute between plaintiff [Norman] and defendant [Donald] that the 75 acres subject to this litigation are located in Liberty Township, and that title to such property was acquired by defendant [Donald], together with his two brothers Norman C. Ross and Clark G. Ross, through Record Book 167, page 571." *Id*. ¶12; R.R. at 7a.

Norman further asserted that "[i]f Defendant [Donald] now disputes or converts his admission of plaintiff's [Norman] title to, and possession of, an undivided one-third (1/3) interest in the real estate subject to this litigation, the remedy in law is available to him pursuant to Pa.R.Civ.P 1061(b)(1)." *Id*. ¶60; R.R. at 16a. He averred "[a]bsent Defendant [Donald] initiating, and succeeding, in ejecting, ousting, or dispossessing Plaintiff [Norman] from his one-third (1/3) interest by showing superior title through an action in ejectment, Plaintiff [Norman] is entitled to his fee simple, quiet and peaceful possession of the whole, as tenant in common with Defendant [Donald]." *Id*. ¶61; R.R. at 17a.

In Count I (Ejectment Pursuant to Pa.R.Civ.P. 1061(b)(1)), Norman alleged that (1) by conveyance described in the complaint, he came to possess an undivided 1/3 interest in the property as tenants in common with Donald, who possesses a 2/3 interest; (2) he has established a *prima facie* showing of legal title and possession; and (3) if Donald seeks to oust, eject, or dispossess Norman of his 1/3 interest, then Donald's remedy is available under Pa.R.Civ.P. 1061(b)(1). *Id*. ¶¶64-66; R.R. at 17a. He requested the following relief:

> WHEREFORE, Plaintiff [Norman] requests judgment against Defendant Donald B. Ross as follows:

4

1. That Donald B. Ross, Defendant herein, possesses an undivided one (sic) third (2/3) interest in the property more fully described herein, as tenants in common with Plaintiff [Norman] and is entitled to his fee simple, quiet and peaceful possession of the whole.

2. That Norman C. Ross, Plaintiff herein, possesses a one-third (1/3) interest in the [real estate] more fully described herein, as tenants in common with Defendant [Donald], and is entitled to his fee simple, quiet and peaceful possession of the whole.

3. For an Order that Defendant Donald B. Ross be forever barred from asserting any right, lien, title or interest in land inconsistent with the one-third (1/3) interest or claim of the plaintiff [Norman] set forth in his complaint, unless the [D]efendant [Donald] takes such action within thirty (30) days.

(Compl. at pp. 14-15; R.R. at 17a-18a.)

Donald thereafter filed POs, averring that "Plaintiff [Norman] commenced this [Pa.R.Civ.P. 1061(b)(1)] action *by filing an action in ejectment* against Defendant [Donald] on March 1, 2019." (POs ¶2; R.R. at 75a) (emphasis added). Donald asserted that the Game Commission occupies and claims a direct interest in parcel 4-21-42 addressed in the Pa.R.Civ.P. 1061(b)(1) action and requested that the trial court dismiss the action or, in the alternative, order Norman to amend his complaint to join the Game Commission as an indispensable party. *Id*. ¶¶6-8; R.R. at 76a.

In his responsive pleading, Norman denied that he commenced an action in ejectment. He pleaded:

Admitted in part, denied in part. Admitted that Plaintiff [Norman] commenced this [action] on March 1, 2019. *Denied that [Norman] filed an action in ejectment* against Defendant [Donald]. By way of further answer, Plaintiff

5

[Norman] seeks relief under Pa.R.Civ.P 1061(b)(1) in the form of an Order *compelling an out of possession Defendant*, [Donald], to initiate an Action *to eject, oust or dispossess Plaintiff [Norman]* of his undivided one third (1/3) interest in real estate he possesses as tenant in common with Defendant [Donald], who possesses an undivided two-thirds interest.

(Answer to POs ¶2; R.R. at 79a) (emphasis added).

On June 21, 2019, the trial court issued an order, holding that the Game Commission was an indispensable party and ordered Norman to join the Game Commission as a defendant within 30 days or the complaint would be dismissed. (Trial ct. order, 6/21/19.) In its Pa.R.A.P. 1925(a) opinion issued on October 1, 2019, the trial court explained that Norman had "essentially admitted that the Game Commission was an indispensable party" because he had previously filed a quiet title action[4] against Donald and the Game Commission, as joint tenants in common, which was subsequently discontinued. (Trial ct. op., 10/1/19, at 3.) The trial court determined that the issues to be adjudicated in the complaint were right, title and ownership interest of tax parcel 4-21-42. It noted that because Norman voluntarily discontinued his prior quiet title action, the right, title, lien and ownership interest of tax parcel 4-21-42 remained unresolved. The trial court determined that because the Game Commission had previously asserted a "claim to" or "interest in" parcel 4-21-42 in the discontinued quiet title action, the trial court could not adjudicate the instant action in the absence of the Game Commission. *Id*. at 5.

Norman did not amend his complaint and join the Game Commission but instead filed a praecipe directing the prothonotary/clerk of court, requesting that his

---

[4] *See Ross v. Ross and Commonwealth of Pennsylvania*, (C.C.P. Columbia Cnty., CV-496-2018).

6

complaint be dismissed with prejudice. (R.R. at 84a.) On August 5, 2019, the complaint was dismissed with prejudice.[5]

## Discussion

On appeal,[6] Norman first argues that the trial court erroneously concluded that he had "filed an ejectment action against [Donald]" and that "at issue is the right, title, lien, and ownership interest of a parcel of land situated in Liberty Township, Montour County, PA." (Trial ct. op. at 1.) Norman argues that his complaint, filed pursuant to Pa.R.Civ.P. 1061(b)(1), was not an "action for ejectment" but rather he requested relief in the form of a court order ***compelling Donald to commence an action in ejectment against Norman***. Norman argues that by misinterpreting the nature of his complaint as one involving the Game Commission's right, title, lien, and ownership interest in tax parcel 4-21-42, the trial court erroneously concluded the Game Commission was an indispensable party.[7] He asserts that his complaint was based on

---

[5] Donald filed a motion to quash the appeal which we denied on February 19, 2020.

[6] Review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to a determination of whether the court abused its discretion or committed an error of law. In reviewing preliminary objections, all well pleaded relevant and material facts are to be considered as true and preliminary objections shall only be sustained when they are free and clear from doubt. Such review raises a question of law as to which the standard of review is *de novo* and the scope of review is plenary. *Petty v. Hospital Service Association*, 957 A.2d 439, 451 n.7 (Pa. Cmwlth. 2009).

[7] The Statement of Questions Involved provides verbatim:

> I. Did Plaintiff Norman C. Ross commence an action in ejectment against Defendant Donald B. Ross where at issue were the right, title, lien and ownership interest in a parcel of land situated in Liberty Township, Montour County, PA?
>
> II. Does a determination of possession remain a jurisdictional prerequisite for a trial court to hear an action in ejectment where the issues to be decided are right, title, lien and ownership interest?

**(Footnote continued on next page…)**

7

allegations that Donald was performing acts of exclusive ownership by harvesting and converting timber on tax parcel 4-21-42.

He contends that an action commenced pursuant to Pa.R.Civ.P. 1061(b)(1) asking the court to compel someone to file an action for ejectment is not the same as an action for ejectment and thus, contrary to the trial court's reasoning, the issue before the trial court was not the Game Commission's right, title, lien, and ownership interest. Norman contends that, in an action filed pursuant to Pa.R.Civ.P. 1061(b)(1), the only issue before the court is "who is in possession" for purposes of bringing a future action in ejectment. He maintains that only upon a resolution of possession would it be possible to name a party indispensable (to a future action in ejectment) because the only indispensable party to an action in ejectment is one who is in actual possession. It is the resolution of possession that establishes the trial court's purely statutory authority to designate who may sue. Norman contends, therefore, the trial court erred in concluding that it did not have jurisdiction to proceed without the Game Commission.

At the outset, we agree with Norman that in an action commenced pursuant to Pa.R.Civ.P. 1061(b)(1), the issue is merely who is in possession for purposes of bringing an action in ejectment, and a court faced with such action, seeking an order of court compelling a defendant to commence an action in ejectment, exceeds its authority in deciding the merits of the action as if it was an action in ejectment.

---

III. Did the [Game Commission] render the trial court's June 21, 2019 indispensability order moot during the pendency of this appeal when it conveyed to Donald B. Ross by special warranty deed whatever right, title, lien and interest it had (or did not have) in the woodlands subject to this litigation?

(Appellant's Br. at 4.) We address issues I and II collectively since they are related.

8

"[T]here exists a substantive right of action granted to a plaintiff in possession to compel a defendant out of possession to bring an action in ejectment against plaintiff." *Sutton v. Miller*, 592 A.2d 83, 87 (Pa. Super. 1991). Pursuant to Pa.R.Civ.P. 1061(b)(1), an action may be brought to compel an adverse party to commence an action in ejectment. *Seven Springs Farm, Inc. v. King*, 344 A.2d 641, 644 (Pa. Super. 1975). Pursuant to Pa.R.Civ.P. 1061(b)(1), a possessor of land is entitled to bring an action against one who, although not in possession, has some claim or interest in the land, compelling that person to assert an interest by bringing an action of ejectment or be forever barred from attacking the title of the possessor. *Siskos v. Britz*, 790 A.2d 1000, 1006 (Pa. 2002). If the plaintiff can establish that he/she is in possession of a particular piece of property, that a defendant is out of possession, and defendant disputes his title, then a court can grant relief under Pa.R.Civ.P. 1061(b)(1) by ordering the defendant to commence an action of ejectment within 30 days from date of order or be forever barred from asserting any right, lien, title, or interest in land inconsistent with that of plaintiff. *Sutton*, 592 A.2d at 88; *Seven Springs*, 344 A.2d at 644.

In such an action, a court may not decide the substantive issue of the title claims of the parties but may merely direct a defendant to file an action of ejectment or be barred. *Cavrak v. Stanich*, 56 Pa. D. & C. 2d 522 (1972). A court faced with a complaint stating an action to quiet title and praying for an order of court compelling a defendant to commence an action in ejectment exceeds its authority in deciding the merits of the action as if it was an action in ejectment, and instead should determine whether a plaintiff is in possession of the property in question, whether a dispute as to title exists, and whether an order should be issued on the defendant compelling the

9

defendant to file an action in ejectment. *Roberts v. Estate of Pursley*, 700 A.2d 475, 479 (Pa. Super. 1997); *Schimp v. Allaman*, 509 A.2d 422, 423-24 (Pa. Super. 1986).

Thus, based on this precedent, we agree with Norman that the title and right to possession are not determined in an action brought under Pa.R.Civ.P. 1061(b)(1); rather, the issue is merely "who is in possession" for the purposes of bringing an action in ejectment. However, that is the extent of our agreement with Norman's analysis because we are not convinced that an action filed pursuant to Pa.R.Civ.P. 1061(b)(1) was the proper form of action given the factual averments of the complaint.

In an action pursuant to Pa.R.Civ.P. 1061(b)(1), seeking to compel an adverse party to commence an action in ejectment, a primary requisite is that the person seeking relief must be in possession of the land in dispute. *Siskos*, 790 A.2d at 1007; *Girard Trust Co. v. Dixon*, 6 A.2d 813, 814 (Pa. 1939); *Hemphill v. Ralston*, 123 A. 459, 460 (Pa. 1924); *Bride v. Robwood Lodge*, 713 A.2d 109, 111-12 (Pa. Super. 1998). Such possession must be an actual possession of which there is no substantial dispute, and it must be physical possession, not merely the right of possession that can be vested in a person. *See Paslawski v. Borys*, 11 A.2d 199 (Pa. Super. 1940); 22 Standard Pennsylvania Practice 2d §120:143.

Here, Norman's complaint does not aver that he is in physical possession of the tract in question. Rather, he effectively asserts that Donald is in possession. *See Niles v. Fall Creek Hunting Club, Inc.*, 545 A.2d 926, 929 (Pa. Super. 1988) (possession of a woodland is established by residence or cultivation of a part of the tract of land to which the woodland belongs). Yet, he asks the court to order Donald to file an action to eject him or be forever barred from challenging Norman's right, title or interest. Because a primary requisite is that the person seeking relief pursuant to

10

Pa.R.Civ.P. 1061(b)(1) must be in physical possession of the land in dispute, we conclude that the form of action here employed was impermissible.

The trial court seemingly recognized this and instead treated Norman's action as one in ejectment. (Trial ct. op., 10/1/19, at 1.) ("Plaintiff [Norman] filed an action in ejectment against Defendant [Donald]"). We find that the trial court correctly determined that Norman's action, purportedly filed pursuant to Pa.R.Civ.P. 1061(b)(1), was actually an action seeking ejectment of a co-tenant who was alleged to have taken action to oust or divest him of his undivided interest by taking exclusive possession of the whole.

"Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession." *Borough of Ulysses v. Mesler*, 986 A.2d 224, 227 (Pa. Cmwlth. 2009). Ejectment, therefore, is a possessory action that lies to regain or recover the possession of real property. 22 Standard Pennsylvania Practice 2d §120:1 (citing cases). When a tenant in common is ousted,[8] as is alleged here, he may have action against the other or others. Particularly, an action in ejectment will lie in such cases for the possession of an undivided interest. *Moyer v. Diehl*, 196 A. 575, 577 (Pa. Super. 1938). To constitute an ouster, one co-tenant must take sole possession and perform acts of exclusive ownership of an unequivocal nature. *Conneaut Lake Park v. Klingensmith*, 66 A.2d 828, 829 (Pa. 1949). *See also* 86 C.J.S. Tenancy in Common §105 ("A tenant in common who is unlawfully excluded or ousted may maintain an action for possession or in ejectment.") (*citing Moyer*).

---

[8] The exclusion of one tenant by his co-tenants from the possession or enjoyment of the land is known as an "ouster." 2 Tiffany Real Prop. §449 (3d ed.). *See also Spears v. Spears*, 769 A.2d 523, 528 (Pa. Super. 2001) (one co-tenant may divest another co-tenant of his or her ownership interest and possessory interest in a property by ouster).

11

Here, Norman alleges that Donald has taken exclusive possession of the entire 75-acre tract by converting the timber thereon without his consent. He alleges that he and Donald own tax parcel 4-21-42 as tenants in common and that Donald has taken action "to eject, oust, and dispossess Plaintiff [Norman] from his undivided one-third (1/3) interest." (Compl. at p. 1; R.R. at 4a.) Norman's complaint, in essence, seeks the "recovery of" his undivided 1/3 interest in parcel 4-21-42 from Donald by asking for the trial court to enter judgment that, *inter alia*, he is entitled to his fee simple, quiet and peaceful possession of the whole. These allegations and his request for relief in this regard are consistent with an action for ejectment, the purpose of which is to determine the immediate rights between plaintiff and defendant involved in that particular litigation. *Burnett v. Mueller*, 48 Pa. D. & C. 2d 165, 171-72 (1969). "The purpose of an ejectment action as opposed to quiet title is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in that particular litigation. Others may intervene under appropriate procedural rules, but the action will not be dismissed for their failure to do so." *Id*. at 171-72. Accordingly, the Game Commission would not be an indispensable party to an action in ejectment between Norman and Donald, and the trial court erred to the extent that it so held.

Notably, however, Norman *also* asked the trial court to enter judgment that he and Donald were the sole owners of tax parcel 4-21-42 as tenants in common. In so doing, Norman asked the trial court to consider the deeds attached to the complaint and determine the relative and respective rights of all potential title holders, including the Game Commission. He thus also sought, in effect, to quiet title to tax parcel 4-21-42. As noted, the trial court declined to consider Norman's request to quiet title because the Game Commission, which had previously asserted an interest in tax

12

parcel 4-21-42, was not named as a defendant. We are unable to conclude that the trial court erred in this regard.

In order to be an indispensable party, one must have rights so directly connected with and affected by the litigation that one must be a party to protect such rights; thus, indispensable parties in an action to quiet title are those who claim an interest in the land. *Zerr v. Com., Department of Environmental Resources, Bureau of State Parks*, 570 A.2d 132, 133 (Pa. Cmwlth. 1990). At the time the trial court entered its June 21, 2019 order, it was informed that the Game Commission claimed an interest in the property which could have been lost forever if Norman had prevailed on the merits. To the extent the trial court held that the Game Commission was an indispensable party to the quiet title portion of the complaint, we discern no error.

This leads us to the final issue, *i.e.*, whether the question of the Game Commission's joinder is moot now that the Game Commission has disclaimed all interest in tax parcel 4-21-42.

Norman argues that the issue of the Game Commission's indispensability is moot because during the pendency of this appeal, by special warranty deed dated October 7, 2019, recorded in Montour County Book 432, page 514 for consideration of $1.00, the Game Commission granted, conveyed and donated to Donald any and all right, title, claim and interest it may (or may not) have in the woodlands subject to this litigation. (Appendix "E" to Appellant's Brief.)[9] He argues that, by conveying its

---

[9] Norman asks that we take judicial notice of this change in an intervening adjudicative fact. Pennsylvania courts have taken judicial notice of information in a county recorder of deeds office. *Bykowski v. Chesed, Co.*, 625 A.2d 1256, 1258 n.1 (Pa. Super. 1993) ("the court has the right to take judicial notice of public documents"). Because a special warranty deed recorded in the Montour County Recorder of Deeds Office is a public document, and because Donald does not challenge Norman's request that we take judicial notice of it, we will take judicial notice of the duly recorded warranty deed appended to Norman's brief as Appendix E and we will consider this development in contemplation of Norman's issue raising mootness.

interest, if any, to Donald during the pendency of this appeal, the Game Commission has effectively removed itself from the controversy, and that, therefore, the issue of whether the Game Commission is an indispensable party is now moot. We agree. The Game Commission no longer has an interest in the disputed property so as to be considered an indispensable party. *Zerr*, 570 A.2d at 133. The only remaining issue before the trial court should be Norman's action in ejectment against Donald which the trial court can determine without the Game Commission.

## Conclusion

The underlying action entitled "Action in Ejectment Pursuant to Pa.R.Civ.P. 1061(b)(1)" is actually one for ejectment. The Game Commission is not an indispensable party to the ejectment action. To the extent that Norman also sought to quiet title to tax parcel 4-21-42, the Game Commission would be an indispensable party. However, because the Game Commission has conveyed all interest it had in tax parcel 4-21-42 to Donald, the issue of its indispensability is moot.

The order of the trial court is vacated, and the matter is remanded to the trial court to conduct proceedings in accordance with this opinion.

Jurisdiction is relinquished.

_____
PATRICIA A. McCULLOUGH, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman C. Ross,                      :  
                Appellant      :  
                      :   No.  84 C.D. 2020  
        v.               :  
                      :  
Donald B. Ross          :

## ***ORDER***

AND NOW, this 14th day of December, 2021, the August 5, 2019 order of the Court of Common Pleas of Montour County is hereby VACATED, and the court's June 21, 2019 order is REVERSED. This matter is remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.

_____  
PATRICIA A. McCULLOUGH, Judge